LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Shanshan Zheng (SZ 3301)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EMANUEL GARCIA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

            v.

CHIPOTLE MEXICAN GRILL, INC.,

      Defendant.

---

Case No.:

CLASS AND COLLECTIVE ACTION
COMPLAINT

Jury Trial Demanded

Plaintiff, EMANUEL GARCIA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendant, CHIPOTLE MEXICAN GRILL, INC. ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, EMANUEL GARCIA, is a resident of Queens County, New York.

6.  CHIPOTLE MEXICAN GRILL, INC. is a foreign business corporation organized under the laws of Delaware and doing business in New York State with a principle executive office located at 1401 Wynkoop Street, Suite 500, Denver, Colorado, 80202, and an address for service of process, located at C/O Nationwide Registered Agents, Inc., 111 Eighth Ave, New York, NY 10011.

7.  CHIPOTLE MEXICAN GRILL, INC. operates a food services enterprise under the trade name "Chipotle Mexican Grill" or simply "Chipotle." CHIPOTLE MEXICAN GRILL, INC. has owned and/or operated each of the Chipotle Mexican Grill Restaurants nationwide.

8.  Defendant's food services enterprise includes operating 62 Chipotle Restaurants throughout New York City, as well as locations in nearly all major metro areas throughout the United States.  Employees were freely interchangeable among the 62 (or more) Chipotle restaurants in New York City (the "Chipotle Restaurants" and, together with CHIPOTLE MEXICAN GRILL, INC., "Chipotle"), see attached **EXHIBIT A**, and the various stores were

marketed as one common enterprise.  All employees were paid by the same payroll methods, and checks were paid by the same corporate entity. All employees are placed and promoted along the same career ladder, starting from "crew" and "hourly manager," who are paid hourly wages, to "apprentice," "general manager" and so on, who are paid fixed salaries.

9.  At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons who were paid on an hourly basis, including crew members, hourly managers and other hourly employees but excluding apprentices and general managers, employed by Defendant at each of the Chipotle Restaurants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons who are paid on an hourly basis, including crew members, hourly managers and other hourly employees but excluding apprentices and general managers, employed by Defendant at each of the Chipotle Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants.  Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)  Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

      b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

      c)  At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay the Class members for their work;

d)  Whether Defendant caused time shaving by forcing employees to clock out and keep working;

e)  Whether Defendant provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

f)  Whether Defendant provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

22. In or about December 2010, Plaintiff, EMANUEL GARCIA, was hired by Defendant to work as a grill man/crew member and later as an hourly manager for Defendant's Chipotle Restaurant located at 185 Montague St, Brooklyn, NY 11201.

23. From the beginning of Plaintiff's employment with Defendant till August 19, 2015, when he was discharged, Plaintiff had worked at the following Chipotle Restaurant locations at various times:

a.  185 Montague St, Brooklyn, NY 11201 ("Chipotle Montague Street");

b.  1497 3rd Ave, New York, NY 10028 ("Chipotle Upper East Side");

c.  140 Court St, Brooklyn, NY 11201 ("Chipotle Court Street");

d.  405 6th Ave, New York, NY 10014 ("Chipotle Greenwich Village"); and

e.  1 MetroTech Center, Brooklyn, NY 11201 ("Chipotle Metrotech Plaza").

24. Specifically, Plaintiff worked at Chipotle Montague Street from the beginning to in or about November 2013, when he was transferred to Chipotle Upper East Side. He was transferred

back to Chipotle Montague Street in or about December 2013. In February 2014, Plaintiff was transferred again to Chipotle Court Street. Additionally, Plaintiff was "loaned" to work at Chipotle Metrotech Plaza and Chipotle Greenwich Village on an as needed basis.

25. Through his personal observations and conversations with other non-exempt employees, all Chipotle Restaurants were operated under central management and supplies and inventories are freely interchangeable among all Chipotle Restaurants. Employees are also freely transferable among all Chipotle Restaurants, either on a permanent basis (a "transfer") or on a temporary basis (a "loan"). He has personally observed that other employees being transferred or loaned to other Chipotle locations, such as the ones in the Bowling Green area and on Chamber Street.

26. At all times during Plaintiff's employment with Defendant, he worked as a non-exempt employee and was paid an hourly wage at the following rate:

    a.  December 2010 – June 2011: $8.50 per hour;

    b.  June 2011 – August 2011: $9.50 per hour;

    c.  August 2011 – September 2011: $12.00 per hour;

    d.  September 2011 – June 2012: $13.00 per hour;

    e.  June 2012 to August 19, 2015: $14.00 per hour.

27. During the employment of Plaintiff, EMANUEL GARCIA, by Defendant, he had a regular schedule of 8 hours per day for 5 days per week which consisted of either the opening shift (7 am to 3 pm) or the closing shift (4 pm to 12 am). However, Plaintiff regularly worked over forty (40) hours per week.

28. About once a week on average, Plaintiff was required to work off-the-clock. He was required to clock out at his scheduled clock out time at 12:00 am and keep working until 1 am or

1:30 am when he finished with all the tasks for the day. Through his observations and conversations with other non-exempt employees who were paid hourly wages, they were similarly required to work off-the-clock hours.

29. Every week during his employment, Plaintiff was told to shift his overtime hours from one week and add it to the following week so as to keep his hours "balanced." Based on his observation and conversations with other non-exempt employees who were paid hourly wages, such policy of time shifting was prevalent at each of the Chipotle Restaurant locations, and applied to all non-exempt employees.  Because of Defendant's policy of time shifting, Plaintiff and Class members did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect.

30. Defendant knowingly and willfully operated their business with a policy of not providing proper wages statements to non-exempt employees as required under the New York Labor Law.

31. Defendant knowingly and willfully failed to provide proper wage and hour notice to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

32. Because EMANUEL GARCIA worked at multiple Chipotle Restaurant locations, he personally observed that all of the above described federal and state wage and hour policies were consistent among the Chipotle Restaurant locations operated by Defendants.

33. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as if fully set forth herein.

35. At all relevant times, Defendant was and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiff within the meaning of the FLSA.

37. At all relevant times, each of the Defendant had gross annual revenues in excess of $500,000.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

39. Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

40. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

44. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

50. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time shaving.

52. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

53. Defendant knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

54. Due to the Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant unpaid overtime, unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendant's policy of time shaving;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation, unpaid wage pursuant to the New York Labor Law;

g. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representatives of Class; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  January 26, 2016

                                       Respectfully submitted,

                                       LEE LITIGATION GROUP, PLLC
                                       C.K. Lee (CL 4086)
                                       Anne Seelig (AS 1976)
                                       Shanshan Zheng (SZ 3301)
                                       30 East 39th Street, Second Floor
                                       New York, NY 10016
                                       Tel.: 212-465-1188
                                       Fax: 212-465-1181
                                       *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                     *and the Class*

                  By:     /s/ C.K. Lee               
                              C.K. Lee (CL 4086)