**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EMANUEL GARCIA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

**Plaintiff,**

**-against-**

CHIPOTLE MEXICAN GRILL, INC.,

**Defendant.**

---

**Case No.** 16 CV 601

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

C. K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..................... iii

I. PRELIMINARY STATEMENT ..................... 1

II. DEFENDANT OPERATES RESTAURANTS AS A SINGLE INTEGRATED ENTERPRISE ..................... 2

III. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS ..................... 5

IV. ARGUMENT ..................... 6

A. EARLY NOTICE TO "SIMILARLY SITUATED" EMPLOYEES IS APPROPRIATE AND NECESSARY ..................... 7

i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes ..................... 7

B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE ..................... 9

i. The Standard for Conditional Certification and Notice Is Lenient ..................... 9

ii. The Underlying Merits of the Case Are Immaterial to the Determination of Conditional Certification and Notice ..................... 11

iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification ..................... 12

C. DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) ..................... 12

D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE ..................... 14

E. EQUITABLE TOLLING ..................... 14

V. CONCLUSION ..................... 15

**EXHIBITS**

**EXHIBIT A –** Proposed Form of Collective Notice

**EXHIBIT B –** List of Chipotle Restaurants

**EXHIBIT C –** Defendant's Website "Our Company" Section

**EXHIBIT D –** Defendant's Website "Locations" Section

**EXHIBIT E –** Defendant's Website Homepage

**EXHIBIT F –** Defendant's Website "Menu" Section

**EXHIBIT G –** Defendant's Website "Email Us" Section

**EXHIBIT H –** Defendant's Website "Order Online" Section

**EXHIBIT I –** Defendant's Website "Gift Cards" Section

**EXHIBIT J –** Defendant's Facebook, Twitter and Instagram Webpages

**EXHIBIT K –** Defendant's Website "Restaurant Careers" Section

**EXHIBIT L –** Defendant's Website "Career Path" Section

**EXHIBIT M –** Defendant's Website "Benefits" Section

**EXHIBIT N –** Defendant's Website "Job Opportunities" Section

**EXHIBIT O –** Defendant's Job Postings for Crew Member Positions

# TABLE OF AUTHORITIES

**CASES**

*Anglada v. Linens 'n Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007) ........ 9, 12

*Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998)........ 2

*Braunstein v E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1975)........ 7

*Brennan v. Arnheim & Neely*, 410 U.S. 512 (1973) ........ 2

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1995) ........ 8

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007)........ 6

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008)........ 11

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007)........ passim

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ........ 8

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) ........ 8, 11, 13

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ........ 9

*Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)........ 8, 10, 12

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)........ 7

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007)........ 8, 9, 10

*Juarez v. 449 Restaurant, Inc.*, No. 13 Civ. 6977, 2014 WL 3361765 (S.D.N.Y. July 2, 2014) ... 2

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ........ 10

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ........ 11

*Lee v. ABC Carper & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006)........ 10, 12, 13

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........ 11

*Machuca v. Villaggio Catering Corp.*, No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. Jan. 12, 2015). 2

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) .......... 10

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472 (S.D.N.Y. Nov. 29, 2005) 10

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007).......... 9, 11

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) .......... 8, 12, 13

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) .......... 10

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007).......... 12

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28. 2007) .......... 8, 9, 11

*Young v. Cooper Cameron Corp.*. 229 F.R.D. 50 (S.D.N.Y. 2005) .......... 11

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 WL 845000 (S.D.N.Y. May 7, 2001) .......... 10

**STATUTES**

29 U.S.C. § 203.......... 2

29 U.S.C. § 216.......... 7, 8

29 U.S.C. § 255.......... 7

29 U.S.C. § 256.......... 7

## I. PRELIMINARY STATEMENT

On January 26, 2016, Plaintiff EMANUEL GARCIA ("Plaintiff") filed a Class and Collective Action Complaint against CHIPOTLE MEXICAN GRILL, INC. ("Defendant"), seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff brought the FLSA claims on behalf of himself and all non-exempt employees (including crew members, hourly managers and other hourly employees, but excluding apprentices and general managers) employed by Defendant at "Chipotle" restaurants located in New York City within the six (6) years prior to filing of the Complaint ("Covered Employees"). The Complaint seeks to recover damages because Defendant (1) failed to pay Covered Employees wages for all hours worked due to time shaving in violation of the FLSA and NYLL, (2) failed to pay Covered Employees the proper overtime compensation under the FLSA and NYLL, and (3) failed to satisfy other requirements of the NYLL.

By this motion, Plaintiff seeks the following:

(1) Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b)[1] on behalf of Covered Employees;

(2) Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA;

(3) Approval of the proposed FLSA notice of this action and the consent form, attached as **EXHIBIT A** hereto;

(4) Production in Excel format of names, Social Security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email

[1] Plaintiff does not currently seek class certification of his state law claims under Fed. R. Civ. P. 23 ("Rule 23").

addresses and all known telephone numbers of all Covered Employees within 10 days of Court approval of conditional certification;

(5) Posting of the notice, along with the consent forms, at any time during regular business hours in Defendant's places of business where Covered Employees are employed; and

(6) Equitable tolling of the FLSA statute of limitations until such time that Plaintiff is able to send notice to potential opt-in plaintiffs.

## II. DEFENDANT OPERATES RESTAURANTS AS A SINGLE INTEGRATED ENTERPRISE

The FLSA provides that the term, "[e]nterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all activities whether performed in one or more establishments . . . ." 29 U.S.C. § 203 (r). The three elements to be satisfied are (1) related activities, (2) common control and (3) common business purpose. *See Brennan v. Arnheim & Neely*, 410 U.S. 512, 518 (1973); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998) (Sotomayor, J.)).

Defendant operates a chain of 62 (or more) restaurants in New York City under the common trade name "Chipotle Mexican Grill" ("Chipotle Restaurants"). *See* **EXHIBIT B**, List of Chipotle Restaurants. Because Defendant operates Chipotle Restaurants as a single integrated enterprise, this conditional collective certification is appropriate for non-exempt employees of all Chipotle Restaurants. *See Machuca v. Villaggio Catering Corp.*, No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. Jan. 12, 2015) (granting plaintiffs' motion for FLSA collective certification for different restaurants based on common ownership, logo, menu and website on which defendants advertise all restaurants); *Juarez v. 449 Restaurant, Inc.*, No. 13 Civ. 6977, 2014 WL 3361765, at *4-5 (S.D.N.Y. July 2, 2014) (inferring that unlawful pay policies implemented at one

restaurant extended to other locations because all restaurants were run as an "integrated enterprise" with common ownership and same menu, décor and website). Defendant satisfies the three elements based on the following:

- Each Chipotle Restaurants are part of an integrated fast food restaurant chain commonly operated by Defendant. *See* **EXHIBIT C**, Defendant's Website "Our Company" Section; Declaration of Emanuel Garcia ("Garcia Decl.") ¶ 2.
- Chipotle Restaurants are all advertised jointly as on the same website (www.chipotle.com), which lists the addresses, hours and other store details of all restaurant locations. *See* **EXHIBIT D**, Defendant's Website "Locations" Section.
- Chipotle Restaurants share the same trade name and logo. *See* **EXHIBIT E**, Defendant's Website Homepage.
- Chipotle Restaurants are engaged in the same business activities of serving Mexican food. Menus for Chipotle Restaurants contain exactly the same items in the same format. *See* **EXHIBIT F**, Defendant's Website "Menu" Section.
- Customers can leave questions or comments about their visit to any of the Chipotle Restaurants on Defendant's website. *See* **EXHIBIT G**, Defendant's Website "Email Us" Section.
- Defendant's website allows customers to place online orders at any of the Chipotle Restaurants. *See* **EXHIBIT I**, Defendant's Website "Order Online" Section.
- Defendant sells Chipotle gift cards that can be bought and used at any of the Chipotle Restaurants. *See* **EXHIBIT J**, Defendant's Website "Gift Cards" Section.
- Chipotle Restaurants share common marketing platforms and are promoted using the same social media accounts on Facebook (www.facebook.com/chipotle), Twitter

(www.twitter.com/chipotletweets) and Instagram (www.instagram.com/chipotlemexican grill). *See* **EXHIBIT J**, Defendant's Facebook, Twitter, Youtube and Instagram Webpages.

- Hiring and employment policies for Chipotle Restaurants are centrally managed. *See* **EXHIBIT K**, Defendant's Website "Restaurant Careers" Section.
- All policies regarding career development (i.e. crew member → kitchen manager → service manager → general manager) and employee benefits (e.g. healthcare, pay increases, vacations/breaks, meals) are standardized throughout all Chipotle Restaurants. *See* **EXHIBIT L**, Defendant's Website "Career Path" Section; **EXHIBIT M**, Defendant's Website "Benefits" Section.
- Defendant advertises all open job positions for Chipotle Restaurants on its website. *See* **EXHIBIT N**, Defendant's Website "Job Opportunities" Section. Applicants that are interested in any of the listed positions can apply on the website.
- Job descriptions are identical across Chipotle Restaurants. *See* **EXHIBIT O**, Defendant's Job Postings for Crew Member Positions.
- Employees are interchangeable and shifted among Chipotle Restaurants as needed. (Garcia Decl. ¶¶ 2,6).

The foregoing evidence demonstrate that all Chipotle Restaurants have (1) related activities, (2) common control and (3) common business purpose. Because Chipotle Restaurants are operated by Defendant as a single integrated enterprise, the conditional collective certification is appropriate for all Covered Employees.

## III. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS

From in or about December 2010 until on or about August 19, 2015, Plaintiff EMANUEL GARCIA was employed by Defendant to work as a crew member and later as an hourly manager at five different Chipotle restaurant locations in New York City (Garcia Decl. ¶ 1). During his employment with Defendant, as provided in his declaration filed in support of this motion, Plaintiff suffered significant wage and hour violations. In addition, he regularly observed and spoke to other non-exempt employees at Chipotle Restaurants suffering from the same policies. (Garcia Decl. ¶ 3). Specifically, Plaintiff and other crew members and hourly managers suffered from Defendant's policy of (i) failing to pay wages for all hours worked due to time shaving and (ii) failing to pay the proper overtime compensation, in violation of the FLSA.

Throughout his employment with Defendant, Plaintiff had a work schedule of forty (40) hours per week, eight (8) hours per day for five (5) days per week. (Garcia Decl. ¶ 13). However, Plaintiff's actual work hours were more than forty (40) hours per week. (*Id.*).

Defendant failed to pay wages for all hours worked to Plaintiff and Covered Employees due to Defendant's policy of time shaving. (Garcia Decl. ¶ 10). For example, several times per week, Plaintiff was required to clock out at his scheduled clock out time of 12:00 a.m. and keep working off-the-clock until 1:00 a.m. to 1:30 a.m. or whenever he finished with all the tasks for the day. (Garcia Decl. ¶ 14). As a result of Defendant's time shaving policy, Plaintiff was routinely undercompensated for his hours worked. (Garcia Decl. ¶ 10).

Further, Defendant failed to pay the proper overtime compensation to Plaintiff and Covered Employees due to Defendant's policy of time shifting. (Garcia Decl. ¶ 11). Although Plaintiff regularly worked over forty (40) hours per week, Defendant often shifted Plaintiff's overtime hours from one week and added them to the following week as regular hours in order to avoid paying the overtime premium. (*Id.*). As a result of Defendant's time shifting policy, the

hours worked as reflected on Plaintiff's wage statements were incorrect and Plaintiff was not paid the proper overtime compensation for hours worked over forty (40) per workweek. (*Id.*). Other non-exempt employees also suffered from Defendant's illegal time shifting policies. (*Id.*).

Based on Plaintiff's personal observations and conversations with co-workers, Covered Employees similarly suffered from Defendant's time shaving and time shifting policies and practices that resulted in unpaid regular and overtime wages. (Garcia Decl. ¶¶ 10,11,14). In his declaration, Plaintiff lists the names, positions and restaurant locations of over thirty-four (34) co-workers with whom he spoke to or observed suffering from Defendant's time shaving and time shifting policies. (Garcia Decl. ¶ 3). In addition, Plaintiff provides details of his observations and conversations to support his allegations of Defendant's time shaving and time shifting practices at each of the Chipotle Restaurants where he worked. (Garcia Decl. ¶¶ 4–9). Through this motion, Plaintiff seeks to represent a collective class of Covered Employees.

## IV. ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees. Notice is appropriate because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as non-exempt employees and Defendant (i) failed to pay wages due to time shaving and (ii) failed to pay the overtime compensation due to time shifting. Thus, they "together were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

**A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY**

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage and overtime premium. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

**i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes**

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256 (b). To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26,

2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1995) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

### B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

#### i. The Standard for Conditional Certification and Notice Is Lenient

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens 'n Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239 F.R.D. at 367 (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated*." *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiff meets his burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC*

*Carper & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *5 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declaration are sufficient to make this modest factual showing. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 WL 845000, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 WL 3240472, at *4 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate

determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice.

**ii. The Underlying Merits of the Case Are Immaterial to the Determination of Conditional Certification and Notice**

Although Plaintiff is confident that he will successfully establish that Defendant failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g., Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an 'illega1 off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of' the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*. 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law

but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneilli*, 516 F. Supp. 2d at 321.

#### iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and declaration show that all Covered Employees were subject to the same compensation scheme. If proven, these allegations establish that Defendant maintains illegal policies and practices that similarly affect all Covered Employees employed by Defendant.

### C. DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g.*, *Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendant to produce

within ten (10) days of its Order a list of all Covered Employees in Excel format who were employed by Defendant at any point in the six (6) years prior to the entry of the Order with the following information: names, Social Security numbers, titles, compensation rates, last known mailing addresses, email addresses, all known telephone numbers and dates of employment.

Plaintiff seeks the Social Security numbers of Covered Employees so that Plaintiff's counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. Based on Plaintiff's counsel's belief, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by Social Security number. Plaintiff is willing to execute a stipulation of confidentiality regarding the numbers. *See Patton*, 364 F. Supp. 2d at 268 (requiring defendant to produce social security numbers of putative collective members subject to entry of a confidentiality agreement).

**D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE**

Attached as **EXHIBIT A** hereto is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

### E. EQUITABLE TOLLING

Should the Court grant the instant motion, Plaintiff respectfully requests that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until such time that he is able to send notice to potential opt-in plaintiffs. District courts in this and other Circuits have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895, 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted."); *McGlone v. Contract Callers*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling statute of limitations while conditional certification motion was being decided).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conditionally certify his FLSA claims as a collective action and approve this motion in its entirety.

Dated: New York, New York
June 17, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*