UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------

EMANUEL GARCIA,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,

                  **Plaintiff,**

            **-against-**

CHIPOTLE MEXICAN GRILL, INC.,

                  **Defendant.**

**Case No.** 16 CV 601

---------------------------------------------

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

C. K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,
FLSA Collective Plaintiffs
and the Class*

# TABLE OF CONTENTS

I. PLAINTIFF HAS MET THE MINIMAL STANDARDS REQUIRED FOR CONDITIONAL COLLECTIVE CERTIFICATION ........ 1

A. Plaintiff's Declaration is Adequately Detailed and Supported to Establish a Factual Nexus between Plaintiff and Prospective Claimants ........ 1

B. Courts Routinely Grant Conditional Collective Certification for Locations Beyond Where Plaintiff Worked ........ 3

C. If Conditional Certification Is Found To Be Inappropriate, Decertification Is the Appropriate Remedy ........ 4

D. If Proposed Collective Certification Is Too Broad, the Court Should At Least Grant Approve a Narrower Scope ........ 5

II. DEFENDANT'S DECLARATIONS FROM EMPLOYEES SHOULD BE DISREGARDED ........ 5

III. SIMILAR LAWSUITS AGAINST DEFENDANT DEMONSTRATE ROUTINE OFF-THE-CLOCK VIOLATIONS ........ 7

IV. CERTIFICATION FOR THE ENTIRE SIX-YEAR PERIOD FROM THE DATE OF THE COMPLAINT IS APPROPRIATE ........ 9

V. THE PARTIES SHOULD BE DIRECTED TO MEET AND CONFER TO REACH AN AGREEMENT ON THE NOTICE ........ 10

# **TABLE OF AUTHORITIES**

**CASES**

*Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 U.S. Dist. LEXIS 19103 (S.D.N.Y. Feb. 7, 2013) ................................................................................................. 5, 7

*Arpi v. Sternbach Holdings, LLC*, No. 12 Civ. 6764, 2012 U.S. Dist. LEXIS 183648 (S.D.N.Y. Dec. 10, 2012) ................................................................................................................... 4

*Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224, 2015 U.S. Dist. LEXIS 144340 (S.D.N.Y. Oct. 5, 2015) ........................................................................................................................ 10

*Beauperthuy v. 24 Hour Fitness USA, Inc*., No. 06 Civ. 0715, 2008 WL 793838 (N.D. Cal. Mar. 24, 2008) .................................................................................................................... 7

*Benavides v. Serenity Spa NY Inc.*, No. 15 Civ. 9189, 2016 U.S. Dist. LEXIS 101751 (S.D.N.Y. Aug. 3, 2016) .................................................................................................. 9, 10

*Cano v. Four M Food Corp.*, No. 08 Civ. 3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009) ................................................................................................................... 3, 10

*Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003 (E.D.N.Y. Feb. 16, 2016) .................................................................................................. 10

*Colon v. Major Perry St. Corp.*, No. 12 Civ. 3788, 2013 U.S. Dist. LEXIS 93021 (S.D.N.Y. July 2, 2013) ............................................................................................................................. 7

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 4, 2006) ................................................................................................................... 4, 5

*Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ....................................... 2

*Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D.N.Y. 2012) ............................................................. 3

*Francis v. A&E Stores, Inc.*, No. 06 Civ. 1638, 2008 U.S. Dist. LEXIS 83369 (S.D.N.Y. Oct. 15, 2008) ............................................................................................................................... 6

*Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541 (S.D.N.Y. 2015) ....................... 1, 10

*Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187, 2014 U.S. Dist. LEXIS 129856 (S.D.N.Y. Sep. 15, 2014) ................................................................................................... 10

*Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir. 1968) ....................................................................... 4

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................... 1

*Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564 (D. Minn. 2014) .............................. 8

*Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822 (S.D.N.Y. Apr. 6, 2012) ..................................................................................................................... 7

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ...................................................... 1

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ............................ 2, 4

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053 (N.D. Cal. 2007) .... 6

*Iriarte v. Redwood Deli and Catering Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) ............................................................................................................................ 2

*Jin v. Spa Castle, Inc.*, No. 14 Civ. 5545, Dkt. No. 30 (E.D.N.Y. July 6, 2015) ........................ 1, 7

*Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363 (S.D.N.Y. July 2, 2014) ............................ 3, 7

*Karic v. Major Auto. Co., Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011) .......................................... 3

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. June 1, 2012) .............................................................................. 1

*Lamb v. Singh Hospitality Grp., Inc.*, No. 11 Civ. 6060, 2013 WL 5502844 (E.D.N.Y. Sept. 30, 2013) ........................................................................................................................ 3

*Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165 (S.D.N.Y. 2011) ..................................................... 3

*Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013) ...................................................................................................................................... 3

*Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012 U.S. Dist. LEXIS 92675 (S.D.N.Y. June 28, 2012) .................................................................................................................. 6

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) .................................................. 3

*Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294 (S.D.N.Y. 2011) .................................................. 4

*Ravenell v. Avis Budget Car Rental, LLC*, No. 08 Civ. 2113, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010) ........................................................................................... 6

*Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) ............... 3

*Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (N.D.N.Y. 2008) ................................................ 2

*Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) ...................................... 9

*Schwerdtfeger v. Demarchelier Mgmt.*, No. 10 Civ. 7557, 2011 U.S. Dist. LEXIS 60338 (S.D.N.Y. June 6, 2011) ......................................................................................... 9, 10

*Shajan v. Barolo*, No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) ...... 6

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014) ................................................... 10

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) .......................................................... 5

*Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. Aug. 21, 2015) .......... 2, 8

*Walston v. Edward J. Young, Inc.*, No. 15 Civ. 0457, 2016 U.S. Dist. LEXIS 22084 (E.D.N.Y. Feb. 22, 2016) ............................................................................................................... 9

*Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012) ......................................... 2, 7, 9

**STATUTES**

29 U.S.C. § 216 .............................................................................................................................. 1, 3

**RULES**

N.Y. RULES PROF. CONDUCT R. 4.3 ............................................................................................... 6
N.Y. RULES PROF. CONDUCT R. 4.4 ............................................................................................... 6

**I.     PLAINTIFF HAS MET THE MINIMAL STANDARDS REQUIRED FOR CONDITIONAL COLLECTIVE CERTIFICATION**

**A.   Plaintiff's Declaration is Adequately Detailed and Supported to Establish a Factual Nexus between Plaintiff and Prospective Claimants**

"[C]ourts have held that plaintiffs can meet [their] burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the [FLSA]." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). The low burden of conditional collective certification requires plaintiffs to show only that there was a "sufficient ***indicia of the possibility*** of a common policy or plan." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660, at *3 n.1 (S.D.N.Y. June 1, 2012). An "***inference*** that [a] uniform policy or practice exists," is all that is needed at this stage. *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013).

In support of this motion, Plaintiff has provided a declaration attesting to common FLSA violations that he and his co-workers experienced at five different Chipotle locations in New York City during his employment with Defendant. Such affidavit by itself should be sufficient because the Court at this stage is not to ascertain the credibility of such affidavit, just whether such affidavit on its face allege a common policy of violations. The FLSA explicitly provides that an action may be maintained by any one employee on behalf himself and other employees similarly situated. *See* 29 U.S.C. § 216. Accordingly, "the plain language of the statute allows for one single plaintiff to represent the collective action." *Jin v. Spa Castle, Inc.*, No. 14 Civ. 5545, Dkt. No. 30, at 12 (E.D.N.Y. July 6, 2015). Therefore, "plaintiff's declaration alone, indicating that there are other employees of whom he is aware" who are similarly situated, is "enough to satisfy the 'modest factual showing' required by plaintiffs at this stage, at which 'the court must draw all inferences in favor of the [p]laintiff.'" *Id. See Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015) ("case law is clear that the affidavit of a single employee can be enough to meet

1

the evidentiary burden"); *Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317, 321-22 (S.D.N.Y. 2007) ("initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations").[1]

Defendant contends that Plaintiff's declaration is "fatally thin on details." *See* Defendant's Opposition Memorandum of Law ("Opp. Memo.") 13-14. Contrary to Defendant's allegation, Plaintiff's declaration provides sufficient factual basis for his FLSA collective claims. Nonetheless, Defendant urges the Court to rule that Plaintiff failed to satisfy his low burden because Plaintiff's declaration does not specify the dates and locations of his conversations with co-workers who suffered similar violations or the number of hours worked or wages paid to co-workers. (*Id.*). This approach should not be followed because requiring when and where the conversations occurred or the employment details of other employees deviates from the lenient standard for conditional certification under the FLSA. Under such reasoning, a prospective claimant, even before pursuing an action, would be required to maintain a diary or log of observations and conversations that take place periodically throughout his employment, which is neither feasible nor practical. This is an extremely onerous requirement that is unrealistic of the realities of the workplace.

In fact, the court in a similar FSLA case against the same Defendant, *Turner v. Chipotle Mexican Grill, Inc.*, held that courts have mistakenly applied the wrong standard for collective actions by requiring plaintiffs to have the burden of proving a "single decision, policy, or plan" when no such burden exists in the statute. 123 F. Supp. 3d 1300 (D. Colo. Aug. 21, 2015). The *Turner* court noted that a collective action under the FLSA is merely an aggregation mechanism that

---

[1] *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (holding that plaintiffs had met modest showing where they alleged that "to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class"); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 160 (N.D.N.Y. 2008) (granting certification over defendants' opposition that plaintiffs' affidavits were speculative and conclusory); *Iriarte v. Redwood Deli and Catering Inc.*, No. 07 Civ. 5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting conditional collective certification on one plaintiff's declaration of observations of widespread practices); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2012) (such approach "is consistent with the purpose of conditional certification which is only a preliminary determination [as to the authorization of notice to class] [and] the Defendant will have another opportunity to object to class certification after discovery.")

statutorily only requires plaintiffs to give their consent in writing to opt-in. *Id.* (citing 29 U.S.C. § 216(b)). The standard for FLSA collective actions must remain low because, unlike a Rule 23 class action where similarly situated individuals are bound by the result unless they opt out, "only those that opt in have a stake in the litigation and those who fail to do so neither participate nor benefit from any favorable ruling." *Id.* This "difference removes any rationale for subjecting individual party plaintiffs in collective actions to the rigorous procedural requirements of class actions." *Id.* Therefore, heightening the threshold for conditional certification by requiring movants to specify the dates and locations of conversations is incorrect and misplaced, and goes against the FLSA statutory intent of including as many common claims as possible in the same lawsuit. *Id.*

**B.   Courts Routinely Grant Conditional Collective Certification for Locations Beyond Where Plaintiff Worked**

Defendant argues that certification should not be granted because Plaintiff's experience and observations are limited to the Chipotle locations at which he worked. (Opp. Memo. 20-21). Defendant fails to understand that Courts in the Second Circuit "have regularly found named plaintiffs to be similarly situated to employees at locations where they did not work, provided that the plaintiffs demonstrate that they were all subject to the same allegedly unlawful policy or practice." *Hamadou*, 915 F Supp 2d at 662.[2] This supports the very purpose of FLSA collective actions, which is to promote efficient case management and protect the rights of potential plaintiffs that are being violated by the same defendants. *See Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005). Therefore, the fact that Plaintiff did not work at other Chipotle locations in New York City "does not prevent him from meeting his minimal burden with circumstantial evidence." *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 372 (S.D.N.Y. July 2, 2014).

---

[2] *See, e.g.*, *Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F. Supp. 2d 508, 516-17 (E.D.N.Y. 2011) (collecting cases); *Karic v. Major Auto. Co., Inc.*, 799 F. Supp. 2d 219, 226-227 (E.D.N.Y. 2011); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839, at *5 (S.D.N.Y. Sept. 16, 2013); *Lamb v. Singh Hospitality Grp., Inc.*, No. 11 Civ. 6060, 2013 WL 5502844, at *3-5 (E.D.N.Y. Sept. 30, 2013); *Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D.N.Y. 2012); *Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165 (S.D.N.Y. 2011); *Cano v. Four M Food Corp.*, No. 08 Civ. 3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009).

Here, Plaintiff regularly experienced and witnessed improper time-shaving practices and unpaid overtime compensation at not only the two Chipotle location at which he was assigned, but also at three out of the three other locations at which he briefly filled in. As detailed in Plaintiff's motion and declaration, Plaintiff's evidence consistently support at least an *inference* that other hourly employees employed at other Chipotle locations in New York City similarly suffered from Defendant's failure to pay proper wages.

**C.   If Conditional Certification Is Found To Be Inappropriate, Decertification Is the Appropriate Remedy**

The Second Circuit has stated that "if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require." *Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir. 1968). Defendant will suffer no prejudice from conditional certification at this stage because the Court may decertify the action if further discovery reveals that employees from other Chipotle locations in in New York City are not similarly situated; the claims of those who have opted in are then dismissed without prejudice to the filing of individual suits. *See Arpi v. Sternbach Holdings, LLC*, No. 12 Civ. 6764, 2012 U.S. Dist. LEXIS 183648, at *2-3 (S.D.N.Y. Dec. 10, 2012); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2011). Defendant does not incur any of the mailing costs, which are born by Plaintiff's counsel. After the completion of discovery, a district court may reexamine the issue of collective action certification on a motion for "decertification." At that time, courts "typically engage in a 'second tier' of analysis to determine on a full record – and under a more stringent standard – whether the additional plaintiffs are in fact similarly situated." *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *11 (S.D.N.Y. Oct. 4, 2006). Courts remain free to "decertify the class or divide it into subclasses, if appropriate" despite an earlier preliminary determination authorizing notice to potential opt-ins. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *see also Spicer v. Pier Sixty*

*LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010). As such, Defendant suffers no additional costs or prejudice if a case is conditionally certified for all New York City Chipotle locations at this stage.

D.  **If the Scope of the Proposed Collective Is Too Broad, the Court Should at Least Approve a Narrower Scope**

For the foregoing reasons, Plaintiff respectfully requests the Court to grant Plaintiff's motion in its entirety. In the alternative, Plaintiff requests the Court to conditionally certify a collective action on behalf of all non-exempt employees (including crew members and hourly managers) employed by Defendant at the five Chipotle locations at which Plaintiff was employed during the six (6) years prior to filing of the Complaint.

II.  **DEFENDANT'S DECLARATIONS FROM CURRENT EMPLOYEES SHOULD BE DISREGARDED**

Defendant heavily relies on nine declarations that they obtained from current employees of Chipotle Restaurants ("testimony of putative collective members") to show that some employees "had the literal opposite experience as Plaintiff." (Opp. Memo. 11-12, 19). However, such declarations must be disregarded. "As an initial matter, statements gathered by an employer from its current employees are of limited evidentiary value in the FLSA context because of the potential for coercion." *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 U.S. Dist. LEXIS 19103, at *27 (S.D.N.Y. Feb. 7, 2013). These concerns are heightened when there is no indication that defendant disclosed to its declarants that (i) their testimony could adversely affect their ability to recover money in this case, (ii) Defendant's counsel does not represent them, or (iii) they should seek independent legal counsel. In *Damassia v. Duane Reade, Inc.*, defendant submitted 56 affidavits from its employees. However, noting that plaintiffs had not yet had opportunity to depose any of the 56 individuals who submitted affidavits in support of defendant's opposition, the court declined to consider defendant's affidavits at this first stage of collective certification where the court is only to make a "preliminary determination." 2006 U.S. Dist. LEXIS 73090, at *23-25. *See*

5

*also Francis v. A&E Stores, Inc.*, No. 06 Civ. 1638, 2008 U.S. Dist. LEXIS 83369, at *8-9 (S.D.N.Y. Oct. 15, 2008) (holding that defendant's declarations from store managers should be discounted at this stage of certification); *Ravenell v. Avis Budget Car Rental, LLC*, No. 08 Civ. 2113, 2010 U.S. Dist. LEXIS 72563, at *14 (E.D.N.Y. July 19, 2010) (refusing to credit defendant's employee declarations due to "risk of bias and coercion inherent in testimony"); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1060-61 (N.D. Cal. 2007) (refusing to consider defendant's employee declarations because they had "glaring reliability concerns" and "possible pressure arising from ongoing employment relationships").

By causing current employees (and putative collective members) to sign declarations, Defendant improperly caused undue pressure to make factual statements adverse to their interests. Based on the declarations it is unclear whether all of the necessary disclosures were made to the declarants.[3] Plaintiff has not had the opportunity to depose any of the nine declarants. Therefore, it is wholly improper and impermissible for them to use declarations from their current employees and the declarations must be excluded at this stage.

Defendant's declarations should be precluded at this stage of collective certification further because they raise factual issues that go to the underlying merits of the case. *See Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012 U.S. Dist. LEXIS 92675, at *27 (S.D.N.Y. June 28, 2012) ("[D]uring this initial step, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Shajan v. Barolo*, No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581, at *3 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate."). Since courts are not to resolve factual disputes at this stage, they have held that defendants "may not defeat a court's determination that Plaintiffs are similarly situated by

---

[3] If Defendant's counsel obtained the declarations without giving complete and full disclosure to unrepresented declarants of their rights and interests in this lawsuit, their actions constitute violations of the New York Rules of Professional Conduct because they knew or reasonably should have known of their obligation to properly disclose the necessary information to putative class and collective members. *See* N.Y. Rules Prof. Conduct R. 4.3-4.4.

submitting their own affidavits." *Colon v. Major Perry St. Corp.*, No. 12 Civ. 3788, 2013 U.S. Dist. LEXIS 93021, at *14 (S.D.N.Y. July 2, 2013); *Jin*, Dkt. No. 30, at 10 ("courts have held that defendants may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits"); *Juarez*, 29 F. Supp. 3d at 372 (holding that defendants' opposing arguments that rely on their affidavits are "not persuasive" because the affidavits raise "factual issue[s] that [are] inappropriate for resolution at this stage."); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 407, n.6 (S.D.N.Y. 2012) (declining to consider competing declarations from defendants as "courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process").

### III. SIMILAR LAWSUITS AGAINST DEFENDANT DEMONSTRATE ROUTINE OFF-THE-CLOCK VIOLATIONS

Defendant has been repeatedly sued for the same wage and hour violations in recent years, yet insists on denying Plaintiff's affirmation that he has witnessed and has spoken to other hourly paid co-workers that have similarly suffered from Defendant's common practices. Throughout its opposition papers, Defendant repetitively emphasizes that it is Chipotle's "policy" to pay all hourly employees for all time worked and how its various timekeeping policies and procedures are "entirely lawful" as reflected in its training materials. (Opp. Memo. 1, 4-8, 16-17). However, "the existence of a formal policy of requiring [proper] pay should not immunize the defendant where[, as here,] the plaintiff[ has] presented evidence that this policy was commonly violated in practice." *Amador*, 2013 U.S. Dist. LEXIS 19103, at *19-20 (quoting *Winfield*, 843 F. Supp. 2d at 405 (collecting cases)).[4]

---

[4] *See also Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06 Civ. 0715, 2008 WL 793838, at *4 (N.D. Cal. Mar. 24, 2008) ("An employer's responsibility under the FLSA extends beyond merely promulgating rules to actually enforcing them. . . . That Defendants published a handbook cannot immunize them against an FLSA action where there is substantial evidence that they did not follow their own guidelines."); *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822, at *13-14 (S.D.N.Y. Apr. 6, 2012) (rejecting arguments that defendant "ha[d] a company-wide policy requiring recordation of overtime (with attendant compensation)[ and] that plaintiffs failed to proffer evidence of a 'de facto policy' allowing unrecorded overtime").

7

The growing number of similar lawsuits and investigation reports against Defendant for off-the-clock work show that Defendant's alleged timekeeping policies and procedures are failing to ensure that the employees are getting paid all of the wages to which they are entitled. In *Harris v. Chipotle Mexican Grill, Inc.*, the District of Minnesota held that the plaintiffs made substantial allegations of a common unlawful policy or plan of requiring off-the-clock work without compensation. *See Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 578-79 (D. Minn. 2014). Emphasizing the lenient standard for conditional certification, the *Harris* court certified a collective of 126 employees from the Crystal, Minnesota location.

In *Turner v. Chipotle Mexican Grill, Inc.*, the plaintiffs similarly claimed that the defendant had a "single decision, policy, or plan" of requiring off-the-clock work without pay in order to meet its strict labor budgets, submitting supporting declarations from over 30 Chipotle employees who worked at 33 different restaurants located in 11 different states. *See Turner v. Chipotle Mexican Grill, Inc.*, No. 14 Civ. 2612, Dkt. No. 28 (D. Colo. Feb. 2, 2015); Dkt No. 86 (D. Colo. June 17, 2015). The *Turner* plaintiffs also cited numerous lawsuits and complaints against Chipotle similarly alleging that employees were forced to work off the clock. *Id*. The District of Colorado granted the plaintiffs' motion for conditional certification of a <u>nationwide</u> collective and company-wide judicial notice, holding that "[a]ny qualified Chipotle worker who comes forward as a 'similarly situated' employee may join in the action, subject to severance or other motion for misjoinder as the facts of the case develop." *Turner*, 123 F. Supp. 3d at 1302.

In 2012, the U.S. Department of Labor ordered several Chipotle stores in Oregon to pay employees for unpaid wages for the work that they performed off the clock after closing the restaurants for the night. The investigator found, "there appeared to be a culture of off-the-clock work as the situation extended beyond a single manager and to more than one store in the area. . . . The managers were under a tremendous amount of pressure to meet labor goals." *Id.*

8

## IV. CERTIFICATION FOR THE ENTIRE SIX-YEAR PERIOD FROM THE DATE OF THE COMPLAINT IS APPROPRIATE

Defendant argues that notice of the collective action should be limited to hourly employees employed within three (3) years of the Court's Order on this motion. (Opp. Memo. 21). However, a six-year certification period is common practice in the Second Circuit where plaintiffs assert claims under both the FLSA and NYLL. *See, e.g.*, *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (holding that it is in the interest of judicial economy to provide notice covering both the three-year FLSA claims and six-year NYLL claims); *Walston v. Edward J. Young, Inc.*, No. 15 Civ. 0457, 2016 U.S. Dist. LEXIS 22084, at *21 (E.D.N.Y. Feb. 22, 2016) (joining courts in this Circuit in finding a six-year period more appropriate than a three-year period "even if some recipients of the notice will have claims that are time-barred under the FLSA."); *Winfield*, 843 F. Supp. 2d at 410-11 (noting that the "responses by any former employees who have potential claims under New York law, but not under the FLSA, may be relevant to a subsequent determination as to whether a class should be certified under New York law") (collecting cases).

Particularly, courts have found that a six-year notice period is appropriate where the "notice adequately describes that there are claims under the New York law and that these claims, unlike the FLSA claims, have a six-year statute of limitations." *Winfield*, 843 F. Supp. 2d at 411; *Schwerdtfeger v. Demarchelier Mgmt.*, No. 10 Civ. 7557, 2011 U.S. Dist. LEXIS 60338, at *19-20 (S.D.N.Y. June 6, 2011); *Benavides v. Serenity Spa NY Inc.*, No. 15 Civ. 9189, 2016 U.S. Dist. LEXIS 101751, at *24-27 (S.D.N.Y. Aug. 3, 2016) (granting a six-year notice period provided that "the notice itself mitigates possible confusion" by adequately delineating the different statutes of limitations for the FLSA and NYLL).

Plaintiff's claims arise under both the FLSA and NYLL and Plaintiff anticipates making a Rule 23 class certification motion. Further, employees dating back six (6) years are "readily discernible" from Defendant's employment records that requiring Defendant to produce information

9

for them would not be "unduly burdensome or disruptive to Defendant's business operations." *Schwerdtfeger*, 2011 U.S. Dist. LEXIS 60338, at *19-20. Given the limited burden on Defendant, it is in the interest of judicial economy to provide notices to potential opt-in plaintiffs who were employed by Defendant for the entire six (6) year period. *See Cano v. Four M Food Corp.*, No. 08 Civ. 3005, 2009 U.S. Dist. LEXIS 7780, at *30 (E.D.N.Y. Feb. 3, 2009) ("[I]t seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible.").

Defendant additionally argues that the notice period should be calculated from the date of any Order granting conditional collective certification as opposed to the date of the Complaint. (Opp. Memo. 22). Defendant fails to understand that because equitable tolling issues often arise for prospective plaintiffs, courts in this Circuit have held that calculating the statutory period from the date of the complaint is more appropriate. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 464-65 (E.D.N.Y. 2014) (collecting cases); *Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224, 2015 U.S. Dist. LEXIS 144340, at *6-7 (S.D.N.Y. Oct. 5, 2015) (collecting cases); *Benavides*, 2016 U.S. Dist. LEXIS 101751, at *27 n.8 (S.D.N.Y. Aug. 3, 2016).

## V. THE PARTIES SHOULD BE DIRECTED TO MEET AND CONFER TO REACH AN AGREEMENT ON THE NOTICE

As to the form and substance of the notice, Plaintiff concedes with Defendant that the Court should allow the parties an opportunity to amicably negotiate a proposed notice to avoid unnecessary judicial intervention. "Numerous courts have adopted this procedure." *Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003, at *29 (E.D.N.Y. Feb. 16, 2016). *See, e.g.*, *Garcia*, 102 F. Supp. 3d at 552; *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187, 2014 U.S. Dist. LEXIS 129856, at *21 (S.D.N.Y. Sep. 15, 2014). Plaintiff respectfully requests that the Court direct the parties to meet and confer over the content of the notice, and submit the same to the Court for approval or a joint letter if any disagreements remain.

Dated: New York, New York  
September 16, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:    */s/ C.K. Lee*  
      C.K. Lee, Esq. (CL 4086)  
      Lee Litigation Group, PLLC  
      30 East 39th Street, Second Floor  
      New York, NY 10016  
      Tel: (212) 465-1188  
      Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*