# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

16212.634.3059 direct
bmurphy@sheppardmullin.com

October 31, 2016

**VIA ECF**

The Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Garcia v. Chipotle Mexican Grill, Inc.*
      Docket No. 16-CV-00601 (ER)

Dear Judge Ramos:

      We represent Chipotle Mexican Grill, Inc. ("Chipotle") with respect to the above-referenced matter.  We write in reference to the Declaration of Tiana Torres filed by Plaintiff on October 27, 2016, ostensibly in support of Plaintiff's long-since briefed Motion for Conditional Certification. *See* Docket No. 53. The Court should not consider the Declaration or, alternatively, should provide Chipotle with the opportunity to address it in a supplemental brief.

      As an initial matter, the Declaration is untimely.  Plaintiff filed his Motion for Conditional Certification on June 17, 2016.  *See* Docket No. 20.  The Motion has been fully briefed for over a month, since September 23, 2016.  *See* Docket No. 47.  Plaintiff does not provide any reason or excuse for this significant delay in submitting supplemental evidence in support of his Motion. For this reason alone, it should be rejected.

      In addition, Plaintiff's attempt to present new evidence after the Motion for Conditional Certification is fully briefed also runs afoul of the general principle that a party may not introduce new evidence or arguments for the first time in a reply brief.  *See, e.g.,Tolliver v. McCants*, 05-CV-10804, 2009 WL 1473445, at *3 (S.D.N.Y. May 26, 2009) (refusing to consider evidence submitted for first time in reply brief); *Carbonell v. Acrish,* 154 F.Supp.2d 552, 561 (S.D.N.Y.2001); *Nichols v. American Risk Management,* 89 Civ. 2999, 2000 WL 97282 at *3 (S.D.N.Y. Jan. 28, 2000) ("A court need not consider a new argument raised for the first time in a reply brief."); *Playboy Enter. Inc. v. Dumas,* 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.") (citing cases), *aff'd mem.,* 159 F.3d 1347 (2d Cir. 1998).  Since the Declaration was filed as a stand-alone document, Plaintiff did not, and of course could not, address the Declaration in his Motion or Reply or otherwise explain how the evidence contained in the Declaration supports his Motion. Therefore, in addition to being rejected as untimely, the Declaration should also be rejected as new evidence that was (1) not argued in Plaintiff's briefs, (2) submitted without any explanation and (3) submitted without providing Chipotle an opportunity to respond.

**SheppardMullin**

October 31, 2016
Page 2

      Finally, the Declaration should not be considered by the Court because it suffers from the same flaws identified by Chipotle in connection with Plaintiff's Declaration in support of his Motion for Conditional Certification. More specifically, the Declaration of Tiana Torres omits critical details concerning the schedules, hours and compensation paid to the coworkers with whom she allegedly spoke and also neglects to identify any specific workweeks that she allegedly worked overtime or the amount of such overtime. As explained in Chipotle's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification (*See* Docket No. 40), Courts in this District require a declaration to set forth a certain level of detail concerning the dates, locations, and contents of conversations with coworkers who were also alleged to have been subjected to unlawful conduct. *Martinez v. Zero Otto Nove, Inc.,* No. 15-CIV-899 (ER), 2016 WL 3554992, at *4 (S.D.N.Y. June 23, 2016). Moreover, as with Plaintiff's Declaration, the newly submitted declaration also refers to personal observations of alleged violations involving coworkers which are incapable of personal observation, including observations of coworkers who allegedly worked off-the clock and were not paid as a result of time-shaving. *See* Docket No. 40, p. 16; Docket No. 47, p. 4. Accordingly, the Declaration should be rejected as incompetent evidence.

      For the reasons explained above, Chipotle requests that the Court refuse to consider the Declaration of Tiana Torres in connection with Plaintiff's Motion for Conditional Certification. In the alternative, in the event that the Court decides to consider the Declaration, Chipotle requests that it be given an opportunity to submit a supplemental brief in opposition to the Motion for Conditional Certification to address the new evidence contained in the Declaration.

      Should the Court have any questions, please do not hesitate to contact us.

      Respectfully submitted,

      /s/ Brian D. Murphy

      Brian D. Murphy
      for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:479732111.1

cc:    All Counsel of Record