Richard Simmons (admitted *pro hac vice*)
Lisa M. Lewis
Brian D. Murphy
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

John Karl Shunk (admitted *pro hac vice*)
Lou Grossman (admitted *pro hac vice*)
MESSNER & REEVES LLC
1430 Wynkoop St. No. 300
Denver, CO 80202
Telephone: (303) 623-1800
Facsimile: (303) 623-0552

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

EMANUEL GARCIA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*

                    Plaintiffs,

    -against-

CHIPOTLE MEXICAN GRILL, INC.,

                    Defendant.

---------------------------------------------------------------- x

Case No. 16-CV-0601

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), by and through undersigned counsel, presents the following for its Answer and Affirmative Defenses to Plaintiff Emanuel Garcia's First Amended Class and Collective Action Complaint (hereinafter the "Complaint").

## INTRODUCTION

1. Chipotle denies the allegations of Paragraph 1 of the Complaint and specifically denies that Plaintiff is entitled to any recovery under the Fair Labor Standards Act ("FLSA").

2. Chipotle denies the allegations of Paragraph 2 of the Complaint and specifically denies that Plaintiff is entitled to any recovery under New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

3. Chipotle admits that jurisdiction is proper in this Court as set forth in Paragraph 3 of the Complaint.

4. Chipotle admits that venue is proper in this Court as set forth in Paragraph 4 of the Complaint.

## PARTIES

5. Chipotle denies the allegations of Paragraph 5 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

6. Chipotle admits the allegations of Paragraph 6 of the Complaint.

7. Chipotle admits the allegations of Paragraph 7 of the Complaint.

8. Chipotle admits that it operates restaurants throughout the continental United States. Chipotle denies the remaining allegations of Paragraph 8 of the Complaint as written.

9. Paragraph 9 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 10 of the Complaint.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Chipotle admits that Plaintiff purports to seek relief and assert claims in a representative capacity on behalf of a collective under the FLSA. Chipotle denies the specific allegations of Paragraph 11 of the Complaint and explicitly denies that Plaintiff is entitled to proceed individually or in a representative capacity under the FLSA.

12. Chipotle denies the allegations of Paragraph 12 of the Complaint.

13. Chipotle denies the allegations of Paragraph 13 of the Complaint.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Chipotle admits that Plaintiff purports to seek relief and assert claims in a representative capacity on behalf of a class of non-exempt, hourly employees of Chipotle. Chipotle denies the specific allegations of Paragraph 14 of the Complaint and explicitly denies that Plaintiff is entitled to any individual monetary recovery or relief or that there is a proper class under Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P.").

15. Chipotle denies the allegations of Paragraph 15 of the Complaint.

16. Chipotle denies the allegations of Paragraph 16 of the Complaint.

17. Chipotle denies the allegations of Paragraph 17 of the Complaint.

18. Chipotle denies the allegations of Paragraph 18 of the Complaint.

19. Chipotle denies the allegations of Paragraph 19 of the Complaint.

20. Chipotle denies the allegations asserted against it in Paragraph 20 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint.

21. Chipotle denies the allegations of Paragraph 21, including sub-parts a), b), c), d), e), f), g) and h) of the Complaint.

## STATEMENT OF FACTS

22. Chipotle denies the allegations of Paragraph 22 of the Complaint.

23. Chipotle denies the allegations of Paragraph 23 of the Complaint, including sub-parts a., b., c., d., and e.

24. Chipotle denies the allegations of Paragraph 24 of the Complaint.

25. Chipotle denies the allegations of Paragraph 25 of the Complaint.

26. Chipotle denies the allegations of Paragraph 26 of the Complaint, , including sub-parts a., b., c., d., and e.

27. Chipotle denies the allegations of Paragraph 27 of the Complaint.

28. Chipotle denies the allegations of Paragraph 28 of the Complaint.

29. Chipotle denies the allegations of Paragraph 29 of the Complaint and affirmatively states that employees are not permitted to work off-the-clock and that doing so is in violation of Chipotle's explicit written policies.

30. Chipotle denies the allegations of Paragraph 30 of the Complaint.

31. Chipotle denies the allegations of Paragraph 31 of the Complaint

32. Chipotle denies the allegations of Paragraph 32 of the Complaint.

33. Chipotle denies the allegations of Paragraph 33 of the Complaint.

34. Chipotle denies the allegations of Paragraph 34 of the Complaint.

35. Chipotle denies the allegations of Paragraph 35 of the Complaint.

36. Chipotle denies the allegations of Paragraph 36 of the Complaint.

37. Chipotle denies the allegations of Paragraph 37 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

## STATEMENT OF CLAIM
## COUNT 1: VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. In response to Paragraph 38, Chipotle adopts and incorporates by reference its individual responses to Paragraph 1 through 37 of the Complaint as though fully set forth herein.

39. Paragraph 39 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 40 of the Complaint.

41. Chipotle denies the allegations of Paragraph 41 of the Complaint as written.

42. Chipotle denies the allegations of Paragraph 42 of the Complaint.

43. Chipotle denies the allegations of Paragraph 43 of the Complaint.

44. Chipotle denies the allegations of Paragraph 44 of the Complaint.

45. Chipotle admits that it has records concerning hours worked and compensation paid. Chipotle denies the remaining allegations in Paragraph 45 of the Complaint and affirmatively states that collective and class certification is not appropriate in this matter.

46. Chipotle denies the allegations of Paragraph 46 of the Complaint.

47. Chipotle denies the allegations of Paragraph 47 of the Complaint.

48. Chipotle denies the allegations of Paragraph 48 of the Complaint.

49. Chipotle denies the allegations of Paragraph 49 of the Complaint.

50. Chipotle denies the allegations of Paragraph 50 of the Complaint.

## COUNT II – VIOLATION OF THE NEW YORK LABOR LAW

51. In response to Paragraph 51 of the Complaint, Chipotle adopts and incorporates by reference its individual responses to Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Paragraph 52 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 52 of the Complaint.

53. Chipotle denies the allegations of Paragraph 53 of the Complaint.

54. Chipotle denies the allegations of Paragraph 54 of the Complaint.

55. Chipotle denies the allegations of Paragraph 55 of the Complaint.

56. Chipotle denies the allegations of Paragraph 56 of the Complaint.

57. Chipotle denies the allegations of Paragraph 57 of the Complaint.

58. Chipotle denies the allegations of Paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

Chipotle denies the allegations of Plaintiffs' Prayer for Relief, including sub-paragraphs a., b., c., d., e., f., g., h., i., j. and k.

## JURY DEMAND

Chipotle objects to a trial by jury on Plaintiff's equitable claims, claims for back pay, and all other claims or issues as to which Plaintiff is not entitled to a jury as a matter of right or law.

## GENERAL DENIAL

Chipotle denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

And now, further responding to Plaintiff's Complaint, Chipotle sets forth the following Affirmative Defenses.

### First Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred in whole or in part by applicable statutes of limitations and/or the doctrine of laches.

### Third Defense

3. Pursuant to 29 U.S.C. § 259 and other applicable law, all actions by Chipotle with regard to Plaintiff and any of the putative members of the purported collective were lawful and in good faith compliance with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or the New York Department of Labor, thus acting as a bar to liability.

### Fourth Defense

4. Some or all of the alleged collective/class action members are exempt from the overtime pay requirements of the Fair Labor Standards Act and New York Labor Law.

### Fifth Defense

5. Plaintiff and the putative members of the purported collective are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the Fair Labor Standards Act

or New York Labor Law because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; (b) neither Chipotle nor any agent or employee of Chipotle acted willfully in failing to pay wages allegedly due to Plaintiff or others; (c) Chipotle's acts or omissions, if any, were taken because of a reasonable belief that its actions or omissions were lawful; and (d) Chipotle's acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omission, if any, were not a violation of any applicable law.

### Sixth Defense

6. Plaintiff's claims cannot properly be joined with any claims of the putative members of the purported collective/class because the claims do not arise out of the same transaction or occurrence or series of transactions or occurrences.

### Seventh Defense

7. To the extent Plaintiff and/or some or all of the putative members of the purported collective/class are entitled to any back pay, the wages paid to them constituted compensation for all hours worked.

### Eighth Defense

8. Plaintiff lacks standing to assert any purported cause of action and lacks standing to represent the interests of some or all of the putative class or collective members.

### Ninth Defense

9. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred, in whole or in part, because those claims have been released.

### Tenth Defense

10. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred by the doctrines of estoppel, offset, and/or setoff.

### Eleventh Defense

11. Plaintiff and/or the putative members of the purported collective/class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

### Twelfth Defense

12. Each cause of action in the Complaint is barred to the extent that Plaintiff, or any putative member of the purported collective/class, consented to any of the alleged activity or conduct.

### Thirteenth Defense

13. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred in whole or in part, by the principles of accord and satisfaction and payment.

### Fourteenth Defense

14. Plaintiff's claims and/or the claims of the putative members of the purported collective/class are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or de minimis.

**Fifteenth Defense**

15. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred, or recovery reduced, because they have not appropriately mitigated their alleged damages, if any.

**Sixteenth Defense**

16. Plaintiff's claims and/or the claims of the putative members of the purported collective/class are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**Seventeenth Defense**

17. Plaintiff does not state facts sufficient to certify a collective pursuant 29 U.S.C. § 216(b).

**Eighteenth Defense**

18. There is a lack of common issues of fact or law and, accordingly, this action is not properly brought as a class or collective action.

**Nineteenth Defense**

19. Plaintiff is not the proper representative of the collective/class he purports to represent and, accordingly, this action is not properly brought as a collective/class action.

**Twentieth Defense**

20. Plaintiff's claims are not typical of the collective/class he purports to represent and, accordingly, this action is not properly brought as a collective/class action.

### Twenty-First Defense

21. Plaintiff's counsel is not adequately familiar with the substantive and procedural law pertinent to collective/class actions and, accordingly, this action is not properly brought as a collective/class action.

### Twenty-Second Defense

22. The purported collective/class is not sufficiently numerous and, accordingly, this action is not properly brought as a collective/class action.

### Twenty-Third Defense

23. The collective/class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the purported collective/class and, accordingly, this action is not properly brought as a collective action.

### Twenty-Fourth Defense

24. Plaintiff's claims and/or the claims of some or all of the putative members of the purported collective/class are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Twenty-Fifth Defense

25. Plaintiff's claims against Chipotle fail, in whole or in part, because Chipotle cannot be held vicariously liable for the acts or conduct alleged in the Complaint.

### Twenty-Sixth Defense

26. Plaintiff's claims against Chipotle fail, in whole or in part, because some or all of the Defendants might not be proper parties to this action.

### Twenty-Seventh Defense

27. Plaintiff's claims against Chipotle fail, in whole or in part, because Chipotle's conduct was not a proximate cause of the injuries or harm alleged in the Complaint.

### Twenty-Eighth Defense

28. Plaintiffs' claims against Chipotle fail, in whole or in part, because Chipotle did not authorize, direct or participate in any of the alleged wrongful conduct described herein.

### Twenty-Ninth Defense

29. The claims at issue are subject to compulsory and binding arbitration.

### Thirtieth Defense

30. Plaintiff's claim and the claims or some or all of the putative New York Rule 23 class for spread of hours are barred, in whole or in part, because they were paid all amounts owed under the NYLL.

### Thirty-First Defense

31. Plaintiff's claim and the claims of the putative members of the purported class and collective defined in the Complaint are barred because Chipotle has paid them all sums owed under the FLSA and the NYLL.

### RESERVATION OF RIGHTS

Chipotle reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Chipotle respectfully requests that the Court enter judgment:

A. Denying Plaintiff's request to proceed as a collective action;

B. Denying Plaintiff's request to proceed as a class action;

C. Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety;

D. Awarding Chipotle its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 17, 2016  **SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: /s/ Brian D. Murphy
    Brian D. Murphy
    Richard Simmons (admitted *pro hac vice*)
    Lisa M. Lewis
    30 Rockefeller Plaza, 39th Floor
    New York, NY 10112
    Tel.: 212.653.8700
    Fax: 212.653.8701

**MESSNER & REEVES, LLC**
    John K. Shunk (admitted *pro hac vice*)
    Lou Grossman (admitted *pro hac vice*)
    1430 Wynkoop Street, Suite 300
    Denver, CO 80202
    Tel: 303.623.1800
    Fax: 303.623.0552

*Attorneys for Defendant*
*CHIPOTLE MEXICAN GRILL, INC.*