USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-26-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EMANUEL GARCIA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                                  Plaintiffs,

            -against-

CHIPOTLE MEXICAN GRILL, INC.,

                                  Defendant.

-------------------------------------------------------------------X

**ORDER**

**1:16-cv-00601 (ER) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Usually, disputes do not arise about conducting depositions by phone or video, as they are convenient and inexpensive. Plaintiffs' initial failure to comply with Federal Rules of Civil Procedure 28 and 30 in the conduct of depositions of non-party declarants led to a dispute. The deponents—current and former employees of Defendant who provided declarations stating that they were properly paid—are located in New York City and elsewhere within the United States. Plaintiffs' counsel initially noticed the depositions to be in-person, but, because the depositions were expected to last less than one hour, and because some witnesses wished to call on a break from work, Plaintiffs' counsel converted some of the depositions to telephonic depositions. When doing this, Plaintiffs' counsel failed to provide notice to Defendant's counsel that certain depositions would be telephonic, failed to identify the location of certain deponents, failed to arrange for a court reporter to be present with the deponent, and failed to provide the deponent with an exhibit prior to questioning the deponent about the exhibit. Moreover, lead counsel for Plaintiffs was not present in his office for the depositions

1

and questioned the deponents over the phone from an undisclosed location (though not the same location as the witnesses). Not surprisingly, Defendant objected to the conduct of depositions in this manner.

Plaintiffs now seek the Court's permission (1) to conduct telephonic depositions of the remaining non-party declarants who are not within "commuting distance" from New York City, and (2) for a court reporter to remotely administer the oath to any witness who is not within "commuting distance" from New York City. (Doc. No. 202.) Defendant agrees to telephonic depositions of witnesses "who are located out of state and beyond commuting distance to New York City" so long as the depositions are conducted within the manner prescribed by Federal Rule of Civil Procedure Rule 28(a)(1) ("Rule 28"), that is, before a court reporter who can administer an oath in-person to the deponent. (Doc. No. 203.) Defendant also requests that the Court order Plaintiff to deliver to the deponent a copy of his or her declaration, pre-marked as an exhibit, in advance of the deposition.

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The rule further provides that the deposition "takes place where the deponent answers the questions." *Id*. "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). When the deposition occurs within the United States, as all the depositions in this case will, the deposition must be taken before an officer authorized to administer oaths either by federal or applicable state law or, alternatively, by the court. Fed. R. Civ. P. 28(a).

Provided the objecting party will not be prejudiced and the method of conducting the deposition ensures accuracy and trustworthiness, a court should grant a request for a telephonic deposition.  *See, e.g., Usov v. Lazar*, No. 13-cv-818 (RWS), 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015) (collecting cases); *Fireman's Fund Ins. Co. v. Zoufaly*, No. 93-cv-1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994).  Where, as here, counsel for the parties will not be present in the same location as a non-party deponent, the presence of a court reporter or other person authorized to administer an oath to a deponent at the deponent's location provides all parties with assurance of the identity of the deponent and the absence of others in the location of the deponent who might influence the deponent's testimony.  The presence of an authorized officer also ensures that a deponent is not covertly reviewing documents or digital information while giving testimony.

Plaintiffs, however, ask that their non-party witnesses be permitted to call into their counsel's office, from a place where the parties' counsel cannot as a practical matter be present, and be administered an oath over the phone by a court reporter.  They point to *Hudson v. Spellman High Voltage*, 178 F.R.D. 29 (E.D.N.Y. 1998), in support of their request.  *Hudson* involved a *pro se* plaintiff who did not have the funds necessary to conduct depositions of out-of-state non-party witnesses in a manner prescribed by the Federal Rules of Civil Procedure.  The court found that the plaintiff established "good cause" for allowing a notary public to administer the oath telephonically and out of the presence of the witnesses but in the presence of the plaintiff and defendant's counsel.  *Id.* at 32.  Here, Plaintiffs are represented by experienced wage and hour counsel who has secured conditional certification of a class and is seeking significant damages from Defendant.  Plaintiffs have not identified any specific witness

outside of commuting distance to New York City. They have not set forth the costs of finding and arranging for a court reporter or notary in the location of any specific witness as compared to the costs of a New York City court reporter located in Plaintiffs' counsel's office. They have not stated why they cannot identify an appropriate office location for the remote witness where Defendant's counsel could travel to question the witness in-person if so desired. Plaintiffs' counsel merely asserts it would be "unduly burdensome and costly for Plaintiff[s] as well as the witnesses to locate and schedule a court reporter at every location where the witnesses are located." (Doc. No. 202.) This conclusory statement falls far short of demonstrating good cause for the request for this Court to permit a variance from Rule 28's requirements.

Accordingly, the Court GRANTS Plaintiffs' request for telephonic depositions of the remaining third-party declarants who are not within commuting distance of New York City. If possible, the depositions shall be conducted by Skype, Facetime, or other videographic means. The Court DENIES without prejudice Plaintiffs' request that the Court permit a court reporter, located in Plaintiffs' office, to remotely administer the oath to any witness who is not within commuting distance of New York City. If there is a specific witness for whom this accommodation is needed, Plaintiffs shall meet and confer with Defendant about the needed accommodation. If the parties agree, no further application to this Court shall be required and the oath may be administered remotely. If the parties are unable to agree, Plaintiffs shall file a letter with the Court requesting the variance from Rule 28's requirements and demonstrating good cause therefore, as described by the Court in *Hudson*.

The Court GRANTS Defendant's request that Plaintiffs be required to deliver a copy of the witness's declaration, pre-marked as an exhibit, to the witness who is to be deposed telephonically for use during his or her deposition.  Any other exhibits that either side wishes to question the witness about also shall be delivered to the witness in advance of the deposition with a copy of the communication and exhibit simultaneously delivered to opposing counsel.

**SO ORDERED.**

Dated: November 26, 2018
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge