# MESSNER REEVES LLP

KATHERINE OTTO
kotto@messner.com
ASISH A. NELLUVELY
anelluvely@messner.com

DIRECT DIAL:
(646) 595-1102
DIRECT DIAL:
(646) 595-1101

November 29, 2018

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
United States District Court
500 Pearl Street, Courtroom 17D
New York, NY 10007

      Re:    *Garcia v. Chipotle Mexican Grill, Inc.*, Case No. 16-CV-00601 (ER)(KP)
              Forthwith Motion for Court Intervention and Telephone Conference

Dear Judge Parker:

      We request the Court's immediate intervention regarding abusive deposition conduct of Plaintiff's counsel during the ongoing depositions of current and/or former Chipotle Mexican Grill, Inc. ("Chipotle") employees who submitted declarations (the "Declarants"). The conduct of Plaintiff's counsel is obstructing Chipotle's duty and obligation to preserve objections on the record during depositions, and to conduct a fair examination of the Declarant deponents after Plaintiff's counsel completes his examination. Counsel for Chipotle has conferred on multiple occasions with Plaintiff's counsel to address the conduct and to avoid court intervention, but the conferrals have been futile. One email response to our conferral stated: "U [sic] need to file your protective order then. Your incessant demands are outrageous." [See **Exhibit A**].

      Several Declarant depositions have been completed, and more are scheduled for today, November 29 and tomorrow, November 30. The next deposition is scheduled for 2:00 p.m. today, and another at 4:00 p.m.

      On November 20, 2018 Declarant Cynthia P. Flores-Garcia was deposed, and specific examples of abusive conduct are noted below [entire transcript attached as **Exhibit B**]:

- Plaintiff's counsel's asking argumentative leading questions of the witness (p. 19:6-20:4; p. 31:3-23; p. 33:22-34:3);
- Plaintiff's counsel asking leading questions that mischaracterized the witness's prior testimony (p. 10:21-11:20);
- Plaintiff's counsel repeating questions multiple times in an attempt to elicit a different answer (p. 14:7-15:22; p. 34:6-35:3);
- Plaintiff's counsel attempting to obstruct and limit Chipotle's examination of the witness by asserting that "leading questions" during cross-examination of the witness are not permitted (p.45:8-17); and taking the position that routine and foundational "ground rules" discussion with the witness is impermissible and would require a separate subpoena and deposition (p. 47:23-49:21);

November 29, 2018
Page 2

- Plaintiff's counsel attempting to intimidate the witness by telling her that in the future he would come visit her at her store location to "have a meal" and "say hi."

    Q: You're a service manager in the Upper West Side?
    A: Yes, Upper West.
    Q: I'm going to drop in and have a meal and say hi to you.
    A: Yeah.
    Q: What do you think?
    A: I'll be there.

    [**Ex. B**, p. 24:15-22]

After the deposition had concluded and the record closed, as the witness exited the conference room, Plaintiff's counsel again stated his intention to come visit her at her store location because it was "right across" from where he lives. The female witness was visibly uncomfortable during these exchanges.

In addition, abusive conduct occurred that a transcript will not fully reveal, including Plaintiff's counsel making excessive and distracting noise during Chipotle's counsel's questions of the witness (loudly tapping a pen on the table, coughing repeatedly, talking to his paralegal, who was also in the room), Plaintiff's counsel repeatedly interrupting the witness' answers, and Plaintiff's counsel interrupting Chipotle's counsel during objections and questioning. Plaintiff's counsel also repeatedly talked over Chipotle's counsel during proper objections, attempted argument in front of the witness, and when Chipotle's counsel requested an opportunity to assert the objection for the record, yelled at Chipotle's counsel with a raised voice and argumentative and hostile tone. Chipotle's counsel noted these occurrences on the record, (see **Ex. B**, p. 11:12 – 12:21 and 52:7-53:5), but it is impossible to fully convey the significant impact that this obstructive conduct had on the proceedings.[1]

Following the November 20, 2018 deposition, Chipotle's counsel conferred with Plaintiff's counsel regarding the abusive conduct and objected to depositions occurring at 4:00 p.m. or 5:00 p.m. because the Court would not be available to resolve disputes or address abusive conduct during those depositions. [**Ex. A.**] Chipotle's counsel also specifically voiced a concern that abusive deposition conduct would escalate during depositions late in the day, and made it clear that Court involvement would be necessary if the abusive conduct continued.

The next Declarant depositions were held on November 21, 26, 27, and 28, 2018, and it appeared the conferral had been effective. However, on November 28, 2018, during the 5:00 p.m. deposition of Declarant Lucero Lopez, the abusive conduct returned and escalated because Plaintiff's counsel knew the Court could not be reached during this time. As of the time of filing of this Motion, the transcript for Ms. Lopez is not yet available, but Chipotle will file the entire transcript with the Court. Below is a summary of the abusive conduct during Ms. Lopez's deposition:

---

[1] During Chipotle's counsel's examination, Plaintiff's counsel attempted to obstruct and limit Chipotle's questions of the witness. Chipotle's counsel contacted the Court. The Court was unavailable to take the call, and only after Chipotle's counsel stated that she would not abandon her questions and would require Court intervention did Plaintiff's counsel relent and permit the questions (which were routine, "ground rules" questions to familiarize the witness with the process and ensure a fair and complete record is obtained).

November 29, 2018
Page 3

- consistent mischaracterization of the testimony of the witness;
- consistently asking leading questions, without foundation, in an effort to suggest and elicit an answer favorable to Plaintiffs' theory of the case;
- obstructing Chipotle's examination of the witness by speaking over Chipotle's counsel;
- improper accusations that Chipotle's counsel was harassing the witness with a raised voice and hostile tone;
- improper speaking objections and interruptions, including commenting on the lateness of the hour thirty-five (35) minutes into the deposition and no more than ten (10) minutes into Chipotle's examination of the witness, and implying that Chipotle's counsel was deliberately delaying the deposition; and
- obstructing Chipotle's examination with improper questions of the witness during Chipotle's examination.

Another deposition occurred this morning, November 29, 2018 of Declarant Jose Malave. This deposition had not been confirmed, but Chipotle's counsel was notified at 8:48 a.m. that the deponent had arrived and the deposition would proceed. As a result, counsel for Plaintiff and Chipotle called in and questioned the witness via telephone. The abusive conduct continued, with Plaintiff's counsel obstructing and speaking over Chipotle's counsel's objections, interrupting Chipotle's counsel, and repeated accusations that Chipotle's assertion of form objections during the deposition was harassment. Of note, Mr. Lee is the only member of Plaintiff's legal team that has engaged in abusive conduct. Chipotle's counsel has had no issues with other members of Plaintiff's legal team during other depositions.

Following Ms. Lopez's deposition on November 28, 2018, Ms. Nelluvely attempted to meet and confer with Mr. Lee regarding his abusive and obstructive conduct. While Ms. Nelluvely told him that Chipotle would not agree to 4:00 p.m. or 5:00 p.m. depositions, he interrupted her and stated he would proceed with or without Chipotle's participation. Mr. Lee raised his voice and spoke in a hostile and argumentative tone. Ms. Nelluvely attempted to disengage in the unproductive conferral and return to the conference room to gather her belongings and leave the premises, but Mr. Lee followed Ms. Nelluvely, closely on her heels, and continued to yell at her and provoke further argument.

FED. R. CIV. P. 30(d)(3)(A) states that a deponent or party may move to terminate or limit a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." If the objecting party demands, "the deposition[s] must be suspended for the time necessary to obtain an order." Under FED. R. CIV. P. 30(d)(3)(B), the Court may limit the scope and manner of deposition, and under 30(d)(2), the Court may impose an appropriate sanction, including the reasonable expenses and attorney's fees incurred by a person who impedes, delays, or frustrates the fair examination of the deponent.

Mr. Lee's conduct during these depositions violates the Federal Rules of Civil Procedure requiring a fair examination of the deponent and S.D.N.Y. Local Rule 26.4(a), which requires counsel "to be courteous in their dealings with each other." The issue is that Plaintiff's counsel is improperly obstructing Chipotle's right and obligation to its client to make proper objections for the record, and to conduct a fair examination of the witness after Plaintiff's counsel has concluded their questions.

November 29, 2018
Page 4

      Chipotle requests and requires a Court Order directing Plaintiff's counsel to permit Chipotle's counsel to make objections for the record without interruption or accusation, and to refrain from speaking objections and interruptions during Chipotle's examination of the witness.

      For all these reasons, Chipotle seeks a Court Order that no depositions shall take place outside court hours, including depositions currently scheduled to begin at 4:00 p.m. and 5:00 p.m. Chipotle also seeks the following sanctions pursuant to FED. R. CIV. P. 30(d)(2): (1) an admonition to Mr. Lee prohibiting him from obstructing Chipotle's right to assert objections and conduct a fair examination of the witness, and any other sanction the Court deems justified; and (2) an award of expenses and attorney's fees in favor of Chipotle associated with repeated conferrals on these issues and preparing, filing and argument related to this Motion. Pursuant to the Rule, Chipotle requests that any deposition currently scheduled for 4:00 p.m. or 5:00 p.m. be suspended until the Court resolves this dispute.

      Chipotle's counsel is available for a telephone conference with the Court to discuss these issues at any time that may be convenient for the Court. A call prior to today's 4:00 p.m. deposition would be incredibly helpful to the parties.

                            Very truly yours,

                            **MESSNER REEVES LLP**

                            Katherine Otto

                            Asish A. Nelluvely

Encls.

cc:      All Counsel of Record (via ECF)