**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

January 14, 2019

**VIA ECF**

The Hon. Katharine H. Parker
United States Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl Street
Room 1950
New York, NY 10007

Re:   *Garcia v. Chipotle Mexican Grill, Inc.*
      Docket No. 16-CV-00601 (ER)

Dear Judge Parker:

We represent Chipotle Mexican Grill, Inc. ("Chipotle") with respect to the above-referenced matter. We write in response to Plaintiff's January 9, 2019 pre-motion conference letter requesting that the Court permit him to file: (i) a motion to strike all declarations submitted by putative class members; and (ii) a motion for sanctions against Chipotle and its counsel for alleged improper communications with putative class members. Both of Plaintiff's motions are without merit and Chipotle should not be forced to incur the expense of a formal response.[1]

**A.   PLAINTIFF'S MOTION TO STRIKE DECLARATIONS IS BASELESS**

Plaintiff intends to move to strike the 110 declarations submitted by putative class members attesting to the fact that they were lawfully paid for all hours worked on three grounds. Plaintiff's arguments lack merit.

First, Plaintiff contends that 49 declarants are in contempt of court for failure to appear for deposition in response to service of a subpoena. To begin, Plaintiff has not filed a proof of service concerning any of the subpoenas in accordance with FED. R. CIV. P. 45(b)(4) or provided any indication of what, if any, efforts he made to secure their attendance. Moreover, precluding evidence is a "drastic remedy" that "should be exercised with caution." *DVL, Inc. v. Gen. Elec. Co.*, 811 F. Supp. 2d 579, 589 (N.D.N.Y. 2010). In the context of a failure to appear for a deposition, such a "drastic remedy" is generally reserved only for the named parties in a litigation, and not putative class members. *See New World Solutions, Inc. v. NameMedia, Inc.*, 150 F. Supp. 3d 287, 306-07 (S.D.N.Y. 2015). Further, we cannot help but note the curious efforts of Counsel to Plaintiff to secure what amounts to a discovery sanction against persons he purportedly represents.[2]

---

[1]   We recognize that the Court granted Plaintiff's request to entertain Plaintiff's proposed motions at the January 25, 2019 conference but nevertheless believe this response is appropriate.

[2]   At a minimum, Counsel's efforts appear to undermine his adequacy as class counsel.

The Honorable Katherine H. Parker
January 14, 2019
Page 2

Second, Plaintiff contends that the declarations were obtained by Chipotle and Counsel to Chipotle improperly. Plaintiff argues that Chipotle failed to inform declarants about the legal consequences of signing declarations, used words and statements that the declarants disagreed with, and met with witnesses during their shifts to pressure the declarants to sign declarations. Plaintiff, of course, does not provide any testimony or exhibits supporting any of these outlandish statements. To the contrary, each declaration contained the following testimony:

> I understand that there is a proposed class action lawsuit against Chipotle that has been filed by a former Chipotle employee alleging wage and hour violations, such as the failure to be paid the appropriate rate of pay for all hours of work, in violation of federal and New York state laws. I understand this former employee wants to include me and other individuals who have worked for Chipotle in New York City in the lawsuit and that this declaration may be used in the lawsuit.
>
> I have completed this declaration voluntarily of my own free will and am choosing to do so because it is true and correct. I have not been pressured, coerced, threatened or promised anything in connection with this declaration. I understand that I will not be retaliated against as a result of my choice to either sign or not sign this declaration. Chipotle informed me that it is entirely my choice whether to sign this declaration and that my choice would not affect my job in any way.

The transcript of Arianna Mercado appended to Plaintiff's letter further detracts from his accusation. In terms of the content and word choices in her declaration, Ms. Mercado testified:

> Q.   And you just signed what they gave you, right?
>
> A.   I signed – I signed – it was basically typed up, what I stated to them when they asked me questions about the situation, and they wanted me to sign to make sure that everything that I said was correct, and they didn't, like, put in there their own words.
>
> Q.   You physically spoke every word that is in this affidavit that goes on for seven pages?
>
> A.   I believe so.
>
> Q.   You spoke every single word?
>
> A.   Not every single word, but like, they asked me questions and I answered them.
>
> Q.   Do you know what the word "perjury" means?
>
> A.   I forget.

The Honorable Katherine H. Parker
January 14, 2019
Page 3

> Q. Well, you used that word in this document, but you just told me that you don't know the meaning. That's bad, right? You didn't write – you didn't speak every word that was in this affidavit to those two individuals, right?
>
> A. I guess not.
>
> Q. And so they wrote what they wanted to write, and then you signed it, right?
>
> A. Not really.
>
> Q. Well, you didn't really say what you signed here, right?
>
> A. Most.
>
> Q. "Most." Okay. Do you remember what you spoke and what they wrote themselves.
>
> A. I spoke to them, and after I spoke to the people, they wrote it down, and I had to read it over, each page, and I agreed with everything that was stated in each page.

Mercado Tr. 11:18-13:22. Plaintiff's questioning, and his portrayal of the responses before this Court, are comically inaccurate and misleading. Simply put, Plaintiff provides no evidence that supports his accusations and, based upon a review of the deposition transcripts, Chipotle is confident that Plaintiff will not be able to locate any in connection with his threatened motion.

Finally, Plaintiff contends the Court should strike all declarations because of purported inconsistencies between declaration and deposition testimony. However – and without conceding that any such inaccuracies exist – it is well-settled that "[m]ere inconsistency and contradictions is insufficient to support a motion to strike…particularly where, as here, the document…is a sworn declaration signed under penalty of perjury." *Trinidad v. Pret A Manager (USA) Ltd.*, 962 F. Supp. 2d 545, 553 (S.D.N.Y. 2013) (internal citation omitted). Any such inconsistencies go to the weight, rather than the admissibility, of the testimony. *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 67 (E.D.N.Y. 2012).

**B.   PLAINTIFF'S MOTION FOR SANCTIONS IS MERITLESS**

The Court should preclude Plaintiff from filing a meritless motion for sanctions premised on the alleged improper contact by Chipotle and/or defense counsel of declarants after their receipt of subpoenas. As an initial matter, there is no automatic prohibition on parties to a litigation – including adverse parties – from communicating with each other. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981); *Wu v. Pearson Educ. Inc.*, 2011 WL 2314778, at *6 (S.D.N.Y. June 7, 2011) ("In general, communications that are litigation-neutral – that do not alter the legal relationship between the defendants and members of a putative class – are not subject to restriction."). Instead, any restriction on the ability of a party to communicate with a potential class member must flow from a court order, which itself must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101-102. No such order issued here, such

The Honorable Katherine H. Parker
January 14, 2019
Page 4

that Chipotle was not prohibited from communicating with putative class members prior to their depositions.

Further, there is not even a reason for the issuance of an order that would prospectively limit Chipotle's ability to communicate with putative class members. *See id.* at 104 (noting that an order should issue to prevent coercive or misleading communications). The communications as reflected in the transcript of Ms. Mercado – presented by Plaintiff here as presumably his "best" example of allegedly offending communications – are entirely innocuous. Ms. Mercado testified that someone "from Chipotle corporate" contacted her to tell her "what to expect, and not to be nervous about it." (Mercado Tr. 6:19-7:2). She confirmed that they did not "go through questions that they thought [she] would be asked," but instead, just "reminded [her] about the time where [she] met with a lawyer and a lady from corporate about the lawsuit." *Id.* at 7:13-17. Perhaps most notably, Chipotle only contacted Ms. Mercado *after* she asked her general manager about the subpoena and he elevated her question to more senior personnel at Chipotle. *See id.* at 10:19-25. Stated differently, Chipotle did not seek her out.

Because there was no order restricting Chipotle's right to communicate with putative class members, and because the communications that did occur were litigation-neutral without any hint of mischief, a request for sanctions against Chipotle is farcical and should be rejected out of hand.

There is even less of a basis to sanction Chipotle's Counsel. Counsel to Plaintiff misleadingly represents that Chipotle's Counsel communicated with "several witnesses" and that Chipotle's Counsel "discussed the deposition testimony with the Declarants." Although Counsel to Plaintiff cites to the testimony of Ms. Mercado for this proposition, Ms. Mercado never testified that she spoke with an attorney for Chipotle. In fact, Chipotle has been unable to locate testimony from *any* declarant describing any discussion with Counsel to Chipotle aside from meeting with an attorney to execute their Declaration. Counsel to Plaintiff should be compelled to withdraw this baseless accusation failing the immediate production of testimony or other evidence supporting his representations before the Court. Indeed, his baseless accusation is itself grounds for sanctions.

Thank you for the Court's attention to this matter. We will be prepared to address these issues before the Court at the January 25 Conference.

                 Respectfully submitted,

                 /s/ Brian D. Murphy

                 Brian D. Murphy
                 for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:489083559.1
cc:  All Counsel of Record