UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL GARCIA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | No. 1:16-cv-00601 (ER) (KHP) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION TO DISMISS OPT-IN PLAINTIFFS WHO FAILED TO PARTICIPATE IN DISCOVERY**

**DLA PIPER LLP (US)**

Joseph A. Piesco, Jr.
Garrett D. Kennedy
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel.: (212) 335-4537
Fax: (212) 335-4501

Angela C. Agrusa
DLA PIPER LLP (US)
2000 Avenue of the Stars
Los Angeles, CA 90067
Tel.: (310) 500-3591
Fax: (310) 595-3361

*Attorneys for Defendant
Chipotle Mexican Grill, Inc.*

Defendant Chipotle Mexican Grill, Inc. ("Chipotle") respectfully submits this memorandum of law in support of its motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), the claims of those opt-in plaintiffs who failed to participate in discovery with prejudice (the "Motion"). The Motion is unopposed.

## PRELIMINARY STATEMENT

Chipotle respectfully requests that this Court dismiss with prejudice the claims of 47 plaintiffs who opted into this collective action under the procedures set forth under the Fair Labor Standards Act ("FLSA"). These plaintiffs have failed, over an extended period of time and in the face of repeated requests, to respond to basic discovery demands, and further have ignored an unequivocal order from this Court directing them to so comply or face dismissal.

By failing to participate in discovery, these plaintiffs have ignored their legal obligations to prosecute their claims diligently and to comply with this Court's orders and, accordingly, their claims should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Likewise, by ignoring an express order of this Court directing them to comply with their discovery obligations, these plaintiffs are subject to discovery sanctions under Federal Rule of Civil Procedure 37(b)(2). Given this background, dismissal of these non-responsive plaintiffs' claims is appropriate both for their failure to prosecute their claims and for their ongoing failure to comply with this Court's order.

## STATEMENT OF FACTS & PROCEDURAL POSTURE

Plaintiff Emmanuel Garcia ("Plaintiff") filed the Complaint in this matter on January 26, 2016, alleging claims for off-the-clock work and "time shaving" under the FLSA and the New York Labor Law ("NYLL"), as well as claims for "spread of hours" pay and Wage Theft Prevention Act Notice violations under the NYLL. (*See* ECF No. 1.) Plaintiff sought to represent

current and former hourly Chipotle employees who worked at a Chipotle restaurant in New York City over the relevant limitations period. (*See id*.)

The Court conditionally certified an FLSA collective limited to Plaintiff's claim for "off-the-clock" work on November 4, 2016. (*See* ECF No. 57.) Notice was distributed to 9,568 current or former hourly Chipotle employees on January 31, 2017. (*See* Declaration of Garrett D. Kennedy, Esq., dated July 2, 2019 ["Kennedy Decl."], ¶ 2.) Approximately 244 hourly workers filed consents to participate (the "Opt-Ins" or "Opt-In Plaintiffs"), with many of them being filed after the expiration of the March 31, 2017 deadline to opt in. (*See* ECF Nos. 72-83, 85, 87-88, 90-91, 98, 109, 132.) Thereafter, on September 15, 2017, Chipotle moved to dismiss the claims of 118 Opt-In Plaintiffs who were signatories to Chipotle's Arbitration Agreement. That motion was granted on April 16, 2018. (*See* ECF No. 145.) As a result, 126 Opt-Ins remained in the case. (*See* Kennedy Decl., ¶ 3.)

The Court permitted Chipotle to serve written discovery on all Opt-Ins who were not subject to the Arbitration Agreement. Chipotle propounded this written discovery on August 25, 2017. (*See* Kennedy Decl., ¶ 4.) Because the initial participation rate of Opt-Ins in discovery was deficient, Chipotle filed a motion on February 23, 2018, requesting that the Court direct Plaintiff's counsel to issue notice to the delinquent Opt-Ins, notifying them of their discovery obligations and the potential dismissal of their claims if they failed to participate. (*See* ECF No. 134.) The Court granted this motion on April 24, 2018. (*See* ECF No. 146.) Plaintiff distributed the notice to the delinquent Opt-Ins, notifying them that:

> You must contact the plaintiff's counsel by May 16, 2018 to acknowledge your duty to produce responses and to provide such responses. If you fail to contact plaintiffs' counsel, your claims may be dismissed, which means you may not be entitled to a share in any judgment or settlement that is favorable to the plaintiffs, and if such


>  dismissal is with prejudice, you may be prevented from pursuing these claims against Chipotle at a later date.

(ECF No. 147.)

By the conclusion of written discovery, on July 27, 2018, a total of 79 Opt-Ins, including the named Plaintiff, provided responses to Document Requests (although only nine actually produced documents) and/or responses to Interrogatories. (Kennedy Decl., ¶ 5.) Forty-seven Opt-Ins did not respond to any of Chipotle's discovery requests, even after being sent the Court's order notifying them of their discovery obligations and the consequences of their failure to meet them. (*See* Kennedy Decl., ¶ 6.) The 47 Opt-Ins that failed to respond to written discovery are set forth in Paragraph 6 of the Kennedy Declaration and are referred to collectively as the "Non-Responsive Opt-Ins."

## ARGUMENT

It is well-settled that courts in the Second Circuit have discretion to dismiss the claims of plaintiffs who fail to participate in discovery. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). In exercising this discretion, courts rely on both Rule 37 and Rule 41 of the Federal Rules of Civil Procedure. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41-42 (2d Cir. 1982). For the reasons set forth below, the Non-Responsive Opt-Ins' claims properly should be dismissed with prejudice under both Federal Rule of Civil Procedure 41(b) for their failure to prosecute their claims and to comply with orders of this Court, and pursuant to 37(b)(2), for failure to comply with their discovery obligations.

### A. The Non-Responsive Opt-Ins' Claims Should be Dismissed with Prejudice for Failure to Prosecute Under Rule 41(b)

A plaintiff has an obligation to prosecute his case diligently. *See Lyell Theatre Corp.*, 682 F.2d at 43. It is well-settled that failure to meet this obligation means that a plaintiff's claims may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. Likewise, Rule 41(b) also authorizes a court to dismiss a plaintiff's claims for failure to comply with a court order. The Non-Responsive Opt-Ins' complete lack of diligence and failure to prosecute their claims, even in the face of the Court's order informing them of the consequences of such a failure, warrants such dismissal.

In deciding whether to dismiss an action for failure to prosecute, courts consider five factors:

> [1] [T]he duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... strik[ing] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] . . . adequately assess[ing] the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (citing *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)). Here, the Non-Responsive Opt-Ins' complete and unexcused delinquency satisfies all of these factors.

**Duration of the Plaintiffs' Failures:** The protracted period of the Non-Responsive Opt-Ins' failure to respond warrants dismissal. The 47 Non-Responsive Opt-Ins have been unresponsive for almost two (2) years. Chipotle served its discovery requests on the Opt-Ins on or about August 25, 2017, and the Court issued its order requiring compliance with discovery orders on April 24, 2018. Written fact discovery closed on July 27, 2018, and as of that date, the Non-Responsive Opt-Ins had failed to respond at all to the written discovery propounded by Chipotle – almost 11 months after such discovery was propounded. Such a time period is well within the court's discretion for dismissal. *See Scott v. Chipotle Mexican Grill, Inc.*, 2015 WL 13745760 at *3-4 (S.D.N.Y. Jul. 31, 2005) (non-responsive period between five and nine months weighed towards dismissal); *see also Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 303

(2d Cir. 2009) (affirming dismissal following six months of unresponsiveness under similar Rule 37(b) standard).

**Notice to Plaintiffs:** The Court provided the Non-Responsive Opt-Ins with express notice that they faced the possibility of dismissal for failing to respond to Chipotle's discovery requests. The Court's notice to the Opt-Ins clearly stated the risks of noncompliance:

> If you fail to contact plaintiffs' counsel, your claims may be dismissed, which means you may not be entitled to a share in any judgment or settlement that is favorable to the plaintiffs, and if such dismissal is with prejudice, you may be prevented from pursuing these claims against Chipotle at a later date.

(ECF No. 147.) A single such order is sufficient as a matter of law to warn a plaintiff of the consequences of noncompliance with discovery. *See, e.g., Shannon*, 186 F.3d at 194-95 (one court order was sufficient notice under Rule 41(b)); *Savage v. Unite Here*, 2007 WL 1584206, at *1 (S.D.N.Y. May 31, 2007) (same).

**Prejudice to Defendant:** The Non-Responsive Opt-Ins protracted failure to prosecute their claims has caused evident prejudice to Chipotle. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre Corp.*, 682 F.2d at 43 (citations omitted).

Here the Non-Responsive Opt-Ins have been unresponsive for an unexcused and unreasonably long period, as it has been almost two (2) years since discovery was propounded without any response. The proportion of Nonresponsive Opt-Ins in the class – over a third of all class members – also is prejudicial. In the similar context of Rule 37(b), which is discussed in more detail below, courts have found that unresponsiveness by a large portion of opt-in plaintiffs may prejudice defendants. *See Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *4 (S.D.N.Y. Aug.

19, 2014) (noting that the large number of unresponsive plaintiffs "carries a significant risk of prejudice to Defendant").

**Balancing the Court's Interests and the Plaintiffs' Rights:** Here, the interests balance in favor of dismissal, as the Court issued an explicit warning to the unresponsive plaintiffs that they faced dismissal if they failed to comply with Chipotle's discovery demands. (*See* ECF No. 147.) As explained in *Scott*, "the Court need not issue endless warnings to ensure a plaintiff's right to be heard." 2015 WL 13745760, at *5 (finding that the court's interest in apportioning its time to other cases outweighed the interests of plaintiffs that had failed to prosecute their claims).

In the face of their complete non-participation in this lawsuit despite this Court's clear admonition, it is inconceivable that the Non-Responsive Opt-Ins could contend that they have been given anything other than a fair opportunity to be heard. Accordingly, the Court's interest in managing its docket and allocating its scarce resources to other matters weighs in favor of dismissal of claims of disinterested plaintiffs.

**Efficacy of Lesser Sanctions:** The failure of the Non-Responsive Opt-Ins to heed the Court's order indicates that sanctions lesser than dismissal would not be effective. See *Scott*, 2015 WL 13745760, at *6 (finding failure of nonresponsive plaintiffs to respond to court's orders means that lesser sanctions would not be effective). "This well-documented indifference of the non-responsive opt-in Plaintiffs to the ordinary obligations of litigants to cooperate with respective counsel and comply with explicit court orders . . . supports the conclusion that any lesser sanction would be futile." *Gordon v. Kaleida Health*, 2013 WL 2250431, at *6 (W.D.N.Y. May 21, 2013) (analyzing efficacy of lesser sanctions in Rule 37 context); *see also Johnson v. Wave Comm. GR LLC*, 2013 WL 992511, at *4 (N.D.N.Y. Jan. 29, 2013) ("Given the duration of these plaintiffs'

recalcitrance and the absence of any showing of justification, this court concludes that no sanction short of dismissal would be adequate.").

### B. The Non-Responsive Opt-Ins' Claims Should be Dismissed with Prejudice as a Discovery Sanction Under Rule 37(b)

Alternatively, the Non-Responsive Opt-Ins' claims should be dismissed under Federal Rule of Civil Procedure 37(b)(2) as a sanction for ignoring the Court's discovery order. Such a sanction may be triggered under the Federal Rules of Civil Procedure when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Federal Rules expressly contemplate "dismissing the action or proceeding in whole or in part" as a response to sanctionable conduct. Fed. R. Civ. P. 37(b)(2)(A)(v).

The Second Circuit has identified factors for a Rule 37(b) dismissal that are similar to the factors under Rule 41(b), including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302-03 (internal quotation marks and citation omitted).

The Non-Responsive Opt-Ins' prolonged failure to respond to the discovery requests and the Court's order amounts to willfulness. In *Ruiz v. Citibank*, the Court found a similar failure to respond to discovery in the face of a Court order to be willful, holding "[a]lthough a party's simple failure to respond to a discovery request will ordinarily not be deemed willful, prolonged failure to respond after specifically being ordered by the court to do so and warned of the consequences can render dismissal appropriate." 2014 WL 4635575, at *3 (internal citation omitted); *see also Gordon*, 2013 WL 2250431, at *5 ("The unexcused failure of all opt-in Plaintiffs to cooperate with counsel and comply with an unambiguous direction of the court over a lengthy period of time . . . also amply supports a finding that such non-compliance is willful, or is otherwise unexcused, and

thus results from the fault of these Plaintiffs."). Such willful and flagrant flouting of their lawful discovery obligations by the Non-Responsive Opt-Ins calls for dismissal of their claims.

The analysis applied above under Rule 41(b) demonstrates that dismissal is likewise warranted under the remaining Rule 37(b) factors: lesser sanctions than dismissal would not be appropriate; the lengthy non-responsive period is more than sufficient for dismissal; and the unresponsive plaintiffs were expressly warned of the consequences of noncompliance with discovery. All of these factors point to the same sanction for the Non-Responsive Opt-Ins ignoring this Court's clear mandates regarding discovery: dismissal with prejudice.

## **CONCLUSION**

For the foregoing reasons, the claims asserted by the Non-Responsive Opt-In Plaintiffs should be dismissed with prejudice.


Dated: July 2, 2019  Respectfully submitted,
      New York, NY

**DLA PIPER LLP (US)**

By: */s/ Joseph A. Piesco, Jr.*
    Joseph A. Piesco, Jr.
    Garrett D. Kennedy
    1251 Avenue of the Americas
    New York, NY 10020
    Tel.: (212) 335-4537
    Fax: (212) 335-4501
    joseph.piesco@dlapiper.com
    garrett.kennedy@dlapiper.com

    Angela C. Agrusa
    2000 Avenue of the Stars
    Los Angeles, CA 90067
    Tel.: (310) 500-3591
    Fax: (310) 595-3361
    angela.agrusa@dlapiper.com

    *Attorneys for Defendant*
    *Chipotle Mexican Grill, Inc.*