# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EMANUEL GARCIA, *on behalf of himself and others similarly situated,*

                Plaintiff,

-against-

CHIPOTLE MEXICAN GRILL, INC.,

                Defendant.

Civil Action No.: **16-cv-601**

Ramos, J.

---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendant CHIPOTLE MEXICAN GRILL, INC. ("Defendant") and EMANUEL GARCIA (the "Named Plaintiff"), individually and on behalf of a Collective Class he represents in the matter *Garcia v. Chipotle Mexican Grill, Inc.* (collectively, the "Parties").

**1.  RECITALS AND BACKGROUND**

WHEREAS, Named Plaintiff first filed a Class and Collective Action Complaint and, subsequently, a First Amended Complaint (the First Amended Complaint being the governing "Complaint") against Defendant, asserting certain claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") alleging that Defendant failed to pay certain wage and overtime amounts, failed to provide spread of hours pay pursuant to the NYLL, and failed to provide accurate wage statements in accordance with the New York Wage Theft Prevention Act (the "WTPA") (the foregoing, the "Litigation");

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiff, the Collective Class and Defendant, including any and all claims asserted in the Litigation;

WHEREAS, Defendant denies all of the allegations made by Plaintiff in the Litigation, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding that class and collective certification is warranted, without further acknowledging or conceding any liability or damages whatsoever, and without admitting that pay, spread of hours premiums and/or overtime amounts improperly were withheld from any employees and/or that wage statements provided to employees were inaccurate in any way, Defendant has agreed to settle the

Litigation on the terms and conditions set forth in this Agreement, solely in order to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendant and the impact of this Agreement on Plaintiff and the Collective Class based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiff and Collective Class; and

WHEREAS, the parties engaged in a mediation before a well-recognized and accomplished mediator, Martin F. Scheinman, on April 18, 2019, and with the mediator's assistance and guidance reached the instant Agreement and agreed to the material terms and conditions set forth herein.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.  **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1   **Agreement.** "Agreement" means this Settlement Agreement and Release.

1.2   **Collective Class Counsel.** "Collective Class Counsel" or "Plaintiff's Counsel" shall mean C.K. Lee, Esq., Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, NY 10011.

1.3   **Collective Class.** "Collective Class" shall mean the Named Plaintiff and those plaintiffs who (i) opted into this litigation in accordance with the Court's order granting conditional collective certification, and/or who otherwise filed a consent to join this action; (ii) were not dismissed in accordance with the Court's order dismissing all opt-in plaintiffs who previously entered into arbitration agreements with Defendant; and (iii) are not subject to Defendant's pending motion to dismiss (ECF No. 247). The Collective Class shall consist of 79 individuals, including the Named Plaintiff. A list of the Collective Class Members is attached hereto as Exhibit A.

1.4   **Collective Class List.** A list of Named Plaintiff and Collective Class Members, identified, as based on the Defendant's corporate records, by: (i) name; (ii) last known address; (iii) dates of employment; (iv) weeks worked; and (v) social security numbers, that Defendant shall provide to Collective Class Counsel. The

Collective Class List is to be used by Collective Class Counsel to effectuate settlement, and may not be used for any other purpose.

1.5 **Court.** "Court" means the United States District Court for the Southern District of New York.

1.6 **Days.** "Days" means business days if the specified number is less than 5, and calendar days if the specified number is 5 or greater.

1.7 **Defendant's Counsel.** "Defendant's Counsel" shall mean Joseph A. Piesco, Esq., of DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020.

1.8 **Approval Order.** "Approval Order" means the Order entered by the Court, approving the terms and conditions of this Agreement, directing the manner and timing of providing Notices to the members of the Collective Class List, approving the distribution of the Settlement Checks, and dismissing the Litigation with prejudice.

1.9 **Final Effective Date.** "Final Effective Date" shall be the first date after the Court has entered an Approval Order approving this settlement and the following conditions have been satisfied: (i) the time to appeal from the Approval Order has expired and no notice of appeal has been filed, or (ii) if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Approval Order has been finally dismissed; (2) the Approval Order has been affirmed on appeal in a form substantially identical to the form of the Approval Order entered by the District Court; (3) the time to petition for review with respect to any appellate decision affirming the Approval Order has expired; or (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Approval Order in a form substantially identical to the form of the Approval Order entered by the District Court.

1.10 **Individual Settlement Allocation.** "Individual Settlement Allocation" shall mean the amount payable to each Collective Class Member pursuant to Section 3.3 of this Agreement.

1.11 **Released Claims.** "Released Claims" means any and all wage and hour claims that were or could have been asserted under federal or state law by or on behalf of each of the Collective Class Members in the Litigation for the period January 26, 2010 through the date of the Approval Order, under the FLSA and the NYLL, including without limitation any all claims for purported off-the-clock work, time shaving, minimum wage violations, overtime violations, spread of hours pay, improper wage statements, improper wage theft notices, violations of the New York Wage Theft Prevention Act, and any and all other claims relating to arising from the foregoing.

1.12 **Gross Settlement Fund.** "Gross Settlement Fund" refers to $85,000, the maximum settlement fund that Defendant has agreed to pay pursuant to this

Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, any and all amounts to be paid to the Collective Class Members.

1.13  **Named Plaintiff.** "Named Plaintiff" refers to Emanuel Garcia.

1.14  **Notice or Notices.** "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement, attached hereto as Exhibit B.

1.15  **Plaintiffs.** "Plaintiffs" means the Named Plaintiff and all Collective Class Members.

1.16  **Settlement Checks.** "Settlement Checks" means checks issued to Collective Class Members for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

2.  **INITIAL PROCEDURAL ISSUES**

2.1  **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

2.2  **Class Notice.** The Class Notice, a copy of which is attached hereto as Exhibit B, will inform members of the Collective Class about this Settlement. Within thirty (30) days of the entry of the Final Effective Date by the court, Collective Class Counsel will mail to all Collective Class Members, via First Class United States Mail, the Court-approved Notices of Proposed Settlement, together with the settlement checks. Collective Class Counsel will take all reasonable steps to obtain the correct address of any Collective Class Members for whom a Notice is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Collective Class for whom it obtains a more recent address.

2.3  **Approval Motion.**

(A)  On or before July 26, 2019 the Parties will submit this executed Agreement to the Court and shall move for approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)  The Parties will request that the Court, among other things: (1) approve the Agreement and the settlement set forth herein as fair, reasonable, adequate, and binding on all Collective Class Members; (2) order Collective Class Counsel to distribute Settlement Checks to the Collective Class Members; (3) approve the payment of attorneys' fees and costs to Collective Class Counsel; (4) order the dismissal with prejudice of all Released Claims asserted in the Litigation by the Collective Class Members; (5) enter the Approval Order in accordance with this Agreement; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation

or implementation of this Agreement and of the settlement contemplated thereby.

**2.4** **Notices to Class Members.**

(A) Within ten (10) days of the Final Effective Date, Defendants' Counsel will provide Plaintiff's Counsel, in electronic form, with the Collective Class List.

**2.5** **Mailing of Settlement Checks.**

(A) The Settlement Checks will be mailed to the Collective Class Members by Collective Class Counsel within thirty (30) days after the Final Effective Date.

(B) Three (3) months after the date of mailing of Settlement Checks, any uncashed checks shall be null and void and any unclaimed amounts shall revert to Defendant. The date of mailing shall be the date posted on the Settlement Checks.

**2.6** **Effect of Failure to Grant Approval.**

In the event the Court does not approve this Agreement, the Parties shall proceed as follows:

(A) The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of the Approval Order; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. The Parties agree that in the event that this settlement is not approved, they will take all reasonable actions in accordance with this provision to attempt to obtain approval of this settlement in the present form and/or in a form that is substantially consistent with the terms and conditions set forth herein.

(B) In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(C) If this Agreement and the settlement set forth herein are not approved, the case will proceed as if no settlement has been attempted. In that event, Defendant shall retain the right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiff in this action. Plaintiff likewise retains the right to seek certification of a class or collective action and shall have the opportunity to engage in further class and expert discovery.

(D) In the event that this Agreement and the settlement set forth herein is not approved by the Court, the Parties mutually agree that this Agreement, its negotiation and the facts and circumstances leading to its creation may not

be used as evidence or otherwise relied on in the Litigation or any other lawsuit, arbitration, action, claim or dispute whatsoever.

## 3. SETTLEMENT TERMS

### 3.1 Settlement Amount.

(A) Defendant agrees to create a "Gross Settlement Fund" in the maximum amount of $85,000 which shall fully resolve and satisfy any claim for (i) attorneys' fees, expenses and costs approved by the Court, and (ii) all amounts to be paid to all Collective Class Members hereunder.

(B) Defendant shall fund the Gross Settlement Fund within fifteen (15) days following the Parties' execution of this Agreement to be held in escrow by Plaintiff's Counsel so the Parties can inform the Court that the settlement is fully funded.

### 3.2 Settlement Amounts Payable as Fees and Expenses.

(A) By the Parties' joint motion for approval of this Agreement and the settlement set forth herein, Collective Class Counsel will petition the Court for an award of attorneys' fees of $25,000, constituting approximately 30% of the Gross Settlement Amount, inclusive of any and all attorneys' fees, expenses and costs. Defendant will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, so long as such fees, expenses and costs do not exceed, in aggregate, $25,000.00. After payment of the approved attorneys' fees, Defendant shall have no additional or further liability to Collective Class Counsel's counsel, including but not limited to in the form of attorneys' fees, expenses or costs, with respect to the claims released hereunder.

(B) The substance of Collective Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Collective Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion Approval.

### 3.3 Settlement Fund Allocation to Collective Class Members.

(A) Individual Settlement Allocations are computed as follows: (1) divide the number of workweeks worked by each Collective Class Member between January 26, 2010 and the date of this Agreement ("Collective Class Period"), as reflected in the confidential document provided by Defendant's Counsel, by the total number of workweeks worked by all Collective Class Members in the Collective Class Period, to determine each Collective Class

Member's percentage share of the Settlement Amount after any and all attorneys' fees, expenses and costs have been deducted ("Funds Available"); and (2) multiply each Collective Class Member's percentage share times the Funds Available to compute the Collective Class Member's "Individual Settlement Benefit." The Settlement Allocations shall be made in accordance with the dates of employment set forth in the confidential document provided by Defendant's Counsel.

(B) Settlement payments to the Collective Class Members will be allocated as follows for tax purposes: (i) 50% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting; and (ii) 50% in consideration for liquidated damages and interest as non-wage payments subject to 1099 reporting.

3.4 **Publication.** To the fullest extent permitted by law, the Parties and their respective counsel agree that they will not, directly or indirectly, issue any press releases or make any public statement to any member of the news media, or take any other action that may cause publicity (including, without limitation, posting documents on any website, or disclosure to any legal or quasi-legal organization) about the fact or the amount or the terms of the settlement contained herein. Nothing contained herein shall alter, amend, change or limit in any way the authority or ability of Chipotle to respond to or communicate with its employees, including Collective Class Members, or to respond to any third party concerning matters relating to its employees, including Collective Class Members.

4. **RELEASE**

4.1 **Release of Claims.** By operation of the entry of the Approval Order, and subject to the terms of this Agreement, each individual Collective Class Member forever and fully releases Defendant, and each of its parents, subsidiaries and affiliates, from all Released Claims with prejudice.

4.2 **Denial of Liability.** Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, nor as an admission that a class should be certified for any purpose other than settlement purposes.

5. **INTERPRETATION AND ENFORCEMENT**

5.1 **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and

deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2 **No Assignment.** Collective Class Counsel and Plaintiff, on behalf of the Collective Class, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4 **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiff and Authorized Claimants, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6 **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8 **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10 **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not

petition the Court to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

5.11 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.13 **Binding Authority of Counsel.** Counsel hereby represents that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on behalf of such parties.

5.14 **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

5.15 **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff and Collective Class Members:**

By: _____
C.K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011

Dated: __7/26/19__

**Counsel to Defendant:**

By: _____
Joseph Piesco, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020

Dated: __7/26/19__

## [EXHIBIT A – COLLECTIVE CLASS MEMBERS]

1. Emanuel Garcia
2. Nardy Abraham Abrahan
3. Marjani Alfattah
4. Ismael Alicea Jr.
5. Abraham Alvarez
6. Janina Avila
7. Zuleidy Benitez
8. Jefferson Bonilla
9. Richard Calaman III
10. Jasmine Campusano
11. Concepcion Carino
12. Karl Concepcion
13. Christopher Conway
14. Harbi Coronel
15. Mabel Cruz
16. Ashley Davis
17. Walter Del Rosario
18. Kashawn Edwards
19. Robert Ehrlich
20. Antwon Falu
21. Evel Ferreras
22. Lissette Figueroa Torres
23. Alicia Findley
24. Kervin Fougere
25. Juan Garcia De La Rosa
26. Brandon Gentle
27. Keyon Glynn
28. Javeria Hashmi
29. Sean Herrera
30. Sadie Hill
31. Victor Jenkins
32. Kassim Johnson
33. Titianna Johnson
34. Coreale Jones
35. Lindsay Norvil (Norvil Lindsay)
36. Francisco Mendez
37. Ana Mercado
38. Edwin Montalvo
39. Manuel Morales
40. Miguel Moran Garcia
41. Lenny Nivar
42. Luis Nunez
43. Mayelin Ortiz
44. Chyron Parks
45. Crystal Patterson
46. David Patterson
47. Ashley Payano
48. Americo Pena
49. Teresa Remache
50. Albert Reyes Hidalgo
51. Kelvin Reynoso
52. Tyshawn Rice
53. David Rivera
54. Kayla Rodriguez
55. Anthony Rodriguez
56. Vanessa Rodriguez
57. Ashley Rojas
58. Yerika Rosario
59. Jessica Sanchez
60. Richard Santos
61. Bianca Sharples
62. Lorraine Shogbola (Willoughby)
63. Johnathan Sinclair
64. Justin Sosa
65. Phillip Sullivan Jr.
66. Floyd Taylor
67. Ronald Tejada Diaz
68. Bazil Tillery
69. Quincy Tilson
70. Marco Toala
71. Tanisha Torres
72. Willie Torres Matos
73. Astan Toure
74. Brian Velasquez
75. Carlos Velez
76. Katherine Velez Ramos
77. Steven Walker
78. Dave Williams Jr.
79. Nancy Xique Mia

## [EXHIBIT B – PROPOSED NOTICE]

[Date]

Dear [Name of Collective Class Member]:

On January 26, 2016, a putative class and collective action wage and hour lawsuit captioned *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16-cv-601 (ER)(KHP) (S.D.N.Y.), was filed in the United States District Court, Southern District of New York. The Plaintiff sought to represent a collective class of current and former non-exempt employees who worked for Chipotle in New York City from January 26, 2010 through July __, 2019 ("Statutory Period"). During the litigation, you opted-into the case. In May 2019, the Parties agreed to a settlement. The Court subsequently reviewed and approved the settlement on _____, 2019 as fair and reasonable and dismissed the case with prejudice.

You are receiving this letter and settlement check because you are a member of the group of employees covered by the Parties' settlement agreement who worked for Chipotle as a non-exempt employee in New York City during the Statutory Period. The settlement includes all opt-in claimants in the *Garcia* case who had validly participated in discovery, and who do not have arbitration agreements.

You have three (3) months from the date this letter was mailed to cash the enclosed settlement check, otherwise it is void. If you do not cash your check within that time period, it will be cancelled, and you shall not receive any payment. Should you have any questions regarding this settlement, please feel free to contact your counsel, Lee Litigation Group, PLLC, at 148 West 24th Street, 8th Floor, New York, New York 10011, Tel: (212)661-0051.