UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMANUEL GARCIA, on behalf of himself, FLSA Collective Plaintiffs, and the Class,

Plaintiffs,

-against-

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.

**ORDER**

16 Civ. 601 (ER)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: Oct. 2, 2019

---

Ramos, D.J.:

Plaintiffs bring this action under the Fair Labor Standards Act and New York Labor Law claiming unpaid wages from Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant"). Over two hundred individuals filed consent forms to participate in this action (the "Opt-In Plaintiffs"). Chipotle moves for an order dismissing with prejudice Opt-In Plaintiffs who have failed to respond to basic discovery demands and ignored a Court order directing them to so comply or face dismissal. Doc. 247. Chipotle has identified 47 Opt-In Plaintiffs who have failed to respond to discovery demands. Doc. 248. Plaintiffs do not oppose the motion. Doc. 249, 1.

In exercising this discretion, courts rely on both Rule 41 and Rule 37 of the Federal Rules of Civil Procedure. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41–42 (2d Cir. 1982). A plaintiff has an obligation to prosecute his case diligently. *Id.* at 42. When a plaintiff fails to prosecute the case or comply with a federal rule of civil procedure or a court order, a defendant may move to dismiss the action or the claim against it. Fed. R. Civ. P. 41(b). Rule 37 allows courts to issue sanctions, such as dismissing the action or proceeding in whole or in part, when a party fails to obey an order to provide or permit discover. Fed. R. Civ. P. 37(b)(2)(A)(v).

It is well-settled that courts in the Second Circuit have discretion to dismiss the claims of plaintiffs who fail to participate in discovery. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). In deciding whether to dismiss an action for failure to prosecute, courts consider five factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) . . . strik[ing] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) . . . adequately assess[ing] the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999) (parentheses added) (citing *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)). When dismissing an action for failure to obey a court order, courts consider a similar set of factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (citation omitted).

Here, the unresponsive Opt-In Plaintiffs satisfy all of these factors. The 47 Opt-Ins have been unresponsive for almost two years as Chipotle sent them discovery requests on August 25, 2017, and the Court issued its order requiring compliance with discovery orders on April 24, 2018. Doc. 249, 2. The two-year delay in responding to discovery is unreasonable and has presumptively caused prejudice to Chipotle. *Lyell Theatre Corp.*, 682 F.2d at 43 (finding prejudice to defendants resulting from unreasonable delay may be presumed); *see also Ruiz v. Citibank, N.A.*, 2014 WL 4635575, at *4 (S.D.N.Y. Aug. 19, 2014) (noting that large number, i.e., more than 5 out of 30, of unresponsive plaintiffs "carries a significant risk of prejudice to

Defendant"). Here, 47 out of 126 relevant Opt-In Plaintiffs failed to respond to the discovery requests and Court order.

The Court provided the unresponsive Opt-Ins with express notice that they faced the possibility of dismissal for failing to respond to Chipotle's discovery requests. Doc. 147. A single such order is sufficient as a matter of law to warn a plaintiff of the consequences of noncompliance with discovery. *See, e.g., Shannon*, 186 F.3d at 194–95 (one court order was sufficient notice); *Savage v. Unite Here*, 2007 WL 1584206, at *1 (S.D.N.Y. May 31, 2007) (same). Thus, the interests balance in favor of dismissal as the Court issued an explicit warning to the unresponsive plaintiffs and they still failed to respond. Doc. 147. Lastly, the failure of the unresponsive Opt-In Plaintiffs to heed the Court's order indicates that sanctions lesser than dismissal would not be effective. *Scott v. Chipotle Mexican Grill, Inc.*, No. 12CV08333ALCSN, 2015 WL 13745760, at *6 (S.D.N.Y. July 31, 2015), *report and recommendation adopted as modified*, No. 12-CV-8333 (ALC), 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016) (finding failure of nonresponsive plaintiffs to respond to court's orders means that lesser sanctions would not be effective). This factor weighs heavily in favor of dismissal. *Id.*

For the reasons stated above, the Court GRANTS the motion to dismiss Opt-In Plaintiffs who did not respond to the discovery demands or the Court's April 24, 2018 order. Accordingly, the Clerk of the Court is respectfully directed to dismiss the following plaintiffs from the case:

1. Eliza Acevedo
2. Mercedes Beltres
3. Brianna Bliss
4. Shatique E. Brown
5. Angelina Canada
6. Yismel Cedeno
7. Edelys Davila
8. Luz Delacruz
9. Laura Dobles Colon
10. Hector Duprey

11. Cody Freeman
12. Carnell Garrett
13. Artyom Ghazaryan
14. Justin L. Gomez
15. Astrid Gutierrez
16. Laura M. Hannam
17. Norman Henry
18. Orvil Heras
19. Dalvi Hernandez
20. Antonio Jones Jr.
21. Christian King
22. Shannel Lugo
23. Tiffany Nicole Manning
24. Cristina Martinez
25. Frallelin Martinez
26. Eric Matos
27. Miguel Mencia
28. Rafael Nengasca
29. Marisol Ortega
30. Marc-Anthony Pabon
31. Kevin Perez
32. Maya Perry
33. Angalee Porter
34. Marcos Reyes
35. Omar Reyes
36. David Rodriguez
37. Heriberto Rodriguez
38. Jorge Rodriguez
39. Madeline Rodriguez
40. LeeAnn Rosa
41. Jose Saladin
42. Lillibeth Santos
43. Ramcharitar Singh
44. Desiree Sue Soto
45. Darren Stukes
46. Jason Varela
47. Estherlin Veras de Timal

The Clerk of the Court is further directed to terminate the motion, Doc. 247.

It is SO ORDERED.

Dated:  October 2, 2019
        New York, New York

_____
Edgardo Ramos, U.S.D.J.