| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC # _____<br>DATE FILED: Dec. 5, 2019 |
| EMANUEL GARCIA, on behalf of himself, FLSA Collective Plaintiffs, and the Class,<br><br>                                  Plaintiffs,<br><br>                    -against-<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>                                  Defendant. | **ORDER**<br><br>16 Civ. 601 (ER) |

Ramos, D.J.:

Emanuel Garcia ("Named Plaintiff") and eighty opt-in plaintiffs ("Opt-In Plaintiffs")[1] (collectively, "Collective Class" or "Plaintiffs") bring this action under the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL") claiming unpaid wages from Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant"). Doc. 1. The Named Plaintiff was employed by Defendant as a grill man/crew member, and later as an hourly manager. *Id.* ¶ 22. On November 4, 2016, the Court granted Named Plaintiff's motion for conditional collective certification. Doc. 57. Pending before the Court is the parties' joint request for approval of a Settlement Agreement and Release ("Agreement"). Doc. 254.

## I. The Proposed Settlement

The maximum liability calculated for the Collective Class is $301,319. The Agreement provides for a settlement amount of $85,000, inclusive of $25,000 for Plaintiffs' counsel for attorney's fees and costs and individual allocations for the Plaintiffs. *Id.* at 4. The $85,000 represents a percentage recovery of 28.21% of the alleged maximum recovery; the attorney's

---

[1] The joint proposed agreement indicated seventy-nine Plaintiffs were part of the settlement. Doc. 254. However, on October 15, 2019, the Court reinstated two Opt-In Plaintiffs who had been dismissed for failing to respond to discovery. Doc. 257. Thus, the total number of Plaintiffs is eighty-one, including the Named Plaintiff.

fees and costs represents 29.4% of the settlement amount. Class members will receive a proportionate share of the settlement fund calculated on a formula that takes into account the number of weeks worked by each Plaintiff. *Id.* at 3.

II.  **Discussion**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06, the court rejected a proposed FLSA settlement because the parties did not provide documentation supporting the reasonableness of the attorneys' fees, and the settlement included impermissible provisions such as overbroad releases. *Id.* at 176–82. The proposed Settlement Agreement here is deficient for one of the same reasons as in *Nights of Cabiria*: the parties have not provided any documentation to support the reasonableness of the proposed attorneys' fees.

2

In the Second Circuit, "a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Id.* at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336). "While there is a strong presumption that the 'lodestar' amount—that is, the number of attorney hours reasonably expended times a reasonable hourly rate—represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 336. Additionally, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019). The present submission does not include any billing records documenting the attorney's fees. The Court is thus in no position to assess their reasonableness.

### III. Conclusion

Accordingly, the Court will not approve the settlement unless the parties correct the deficiency identified above. The parties may proceed in one of the following ways:

1. Submit a revised agreement to the Court on or before **January 6, 2020**. The submission shall provide documentation supporting attorney's fees.

2. File a joint letter on or before **January 6, 2020**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated: December 5, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.